[No. 58995-0.   En Banc.   April 29, 1993.]

*In the Matter of the Personal Restraint of*
JAMES LEROY HOLMES, *Petitioner.*

*James Leroy Holmes,* pro se, and *Lorraine Lee* of *Washington Appellate Defender Association,* for petitioner.

*Christine O. Gregoire, Attorney General,* and *Thornton Wilson, Assistant,* for respondent.

BRACHTENBACH, J. — At issue is whether the personal restraint petitioner has established good cause for not having raised at an earlier time the issues raised in his second personal restraint petition, as required by RCW 10.73.140. The Court of Appeals dismissed the petition on the ground that petitioner has failed to make the good cause showing. We affirm.

In 1984, petitioner was paroled from his Washington sentence for two negligent homicide convictions. He violated parole by leaving the state and traveling to California without permission. Thereafter, on May 6, 1985, petitioner's parole was suspended and an order for his arrest was issued for violation of several parole conditions. Petitioner traveled from California to Mississippi, where he was convicted of possession of marijuana, forgery, and burglary of a residence; these offenses were committed in 1988. Petitioner began serving concurrent sentences for the Mississippi offenses in Mississippi on April 30, 1989.

On January 31, 1990, the Washington Indeterminate Sentence Review Board (Board) was notified that petitioner was incarcerated in Mississippi. On March 8, 1990, the Board sent a custody warrant to the Mississippi Department of

Corrections as a detainer, requiring petitioner's return to Washington following his release from Mississippi. On February 1, 1991, the Mississippi Parole Board paroled petitioner and turned him over to Washington authorities.

On March 7, 1991, a hearing officer found petitioner guilty of nine parole violations and recommended that parole be revoked and a new minimum term of 36 months be set. The Board revoked parole, and, on April 1, 1991, set a new minimum term of 36 months. The expiration date for petitioner's maximum term was extended by 2,101 days, representing the time loss from the date petitioner's Washington parole was suspended to the date when he was served with the parole suspension warrant and returned to Washington custody.

Petitioner filed a first personal restraint petition in superior court which was transferred to the Court of Appeals and dismissed on October 4, 1991. In that personal restraint petition he argued that his guilty plea to the Washington charges was not voluntary and that he was inadequately represented by counsel.

Acting pro se, petitioner filed a second personal restraint petition, raising a number of new issues, including a claim that the Board erred by failing to grant petitioner credit against his maximum term for the time he served in Mississippi. Acting Chief Judge Webster of Division One dismissed the second personal restraint petition on February 3, 1992, on the basis that petitioner failed to establish good cause why the issues raised were not raised earlier, as required by RCW 10.73.140.

The matter is here on petitioner's motion for discretionary review. He is now represented by appointed counsel.

RCW 10.73.140, enacted in 1989, provides in part that

the court of appeals will not consider [a subsequent personal restraint] petition unless the person certifies that he or she has not filed a previous petition on similar grounds, *and shows good cause why the petitioner did not raise the new grounds in the previous petition.*

(Italics ours.) Petitioner has not made the required good cause showing.

In his pro se motion for discretionary review, petitioner offers two general reasons why the issues he raises in his second personal restraint petition should be reviewed. First, he asserts the issues are constitutional issues which should be reviewed to serve the ends of justice. This is clearly not a "good cause" standard for showing why issues were not raised earlier. As the court explained in *In re Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990), the court will reach the merits of a new constitutional issue raised in any personal restraint petition when the petitioner demonstrates that the alleged error gives rise to actual prejudice. However, where the issue is raised in a subsequent personal restraint petition the petitioner must also satisfy RCW 10.73.140: "Where RCW 10.73.140 is applicable, in a subsequent petition a petitioner must show good cause why the new grounds were not raised in the previous petition." *Cook*, at 813 n.4. Thus, regardless of the merits of any constitutional issue, the statutory requirement of showing good cause for not raising the issue earlier must be satisfied.

Second, petitioner claims that the issues raised are newly discovered, through reading old and new cases. This also is not a "good cause" showing. It would essentially permit new issues to be routinely raised in subsequent personal restraint petitions by persons claiming not to have found relevant cases earlier, clearly contrary to RCW 10.73.140's purpose of the avoidance of piecemeal collateral review.

Petitioner appears to suggest, however, that a case decided after his second personal restraint petition was dismissed supports his raising the new issue concerning credit for time served in Mississippi. The question is whether good cause is established as a result of the opinion relied upon by petitioner.

In a closely related area, RAP 16.4(d) provides that "[n]o more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause

shown." This provision applies where a petitioner advances the same grounds for relief in more than one petition. The court has interpreted the good cause showing of RAP 16.4(d) to include a significant, intervening change in the law. *See In re Jeffries*, 114 Wn.2d 485, 488, 789 P.2d 731 (1990). A material, or significant intervening change in the law may occur as a result of a decision by this court. *See, e.g., In re Vandervlugt*, 120 Wn.2d 427, 432-34, 842 P.2d 950 (1992).

In contrast to the good cause showing required by RAP 16.4(d), the good cause showing required by RCW 10.73.140 applies where a petitioner seeks to raise new issues in a subsequent petition. Consistent with our interpretation of the good cause showing required under RAP 16.4(d), we conclude that a showing that there has been a material intervening change in the law satisfies the good cause requirement of RCW 10.73.140.

Here, petitioner's second personal restraint petition raises new issues, and the statutory good faith requirement must be met. However, to the extent petitioner's argument may be construed as suggesting that the case upon which he relies constitutes a material intervening change in the law, the argument fails.

RCW 9.95.130 provides that the time during which a parolee is a fugitive from justice is not counted toward the term of his or her sentence:

> From and after the suspension, cancellation, or revocation of the parole of any convicted person and *until his return to custody* he shall be deemed an escapee and a fugitive from justice and no part of the time during which he is an escapee and fugitive from justice shall be a part of his term.

(Italics ours.) The issue petitioner raises concerns the question when his fugitive status ended, *i.e.*, when did he "return to custody" within the meaning of RCW 9.95.130? In *In re Pepperling*, 65 Wn. App. 17, 827 P.2d 347 (1992), the case upon which petitioner relies, the Court of Appeals reasoned that under the statute, custody includes the custody of Montana authorities in the case of a parole violator who had been sentenced for offenses in Washington and Montana, in

that the Washington court had ordered the Washington sentence to be served concurrently with the Montana sentence.

In arguing that *Pepperling* supports his claim that the Board should have credited against his maximum term the time served in Mississippi on the unrelated crimes committed there, petitioner wholly fails to show good cause why the issue was not raised earlier. In fact, petitioner *did* make the argument in his second personal restraint petition that "custody" includes the custody of the Mississippi authorities — and he made the argument *before Pepperling* was filed.

*Pepperling* clearly does not justify petitioner in raising the new issue in his second personal restraint petition for at least three reasons. First, *Pepperling* does not establish new or different law on the question which petitioner did not have available to argue when he filed his first personal restraint petition. Second, petitioner in fact made the argument before *Pepperling* was filed. There is absolutely no showing why petitioner has good cause for failing to make that argument in his first personal restraint petition.

And third, *Pepperling* does not support petitioner's argument in any event. In *Pepperling*, a Washington court directed that the petitioner's Washington sentence be served concurrently with the Montana sentence. In this case, there is no such order or any other basis for treating the Mississippi sentence as concurrent to the Washington sentence. As the Board points out, if petitioner had committed the later additional crimes (felonies) in Washington, his sentence for those crimes would have been consecutive to the negligent homicide sentences. *See* RCW 9.92.080(1) (for pre-SRA (Sentencing Reform Act of 1981) offenders, consecutive sentences mandatory) and RCW 9.94A.400(2) (same result under SRA).

In short, *Pepperling* does not constitute new law justifying raising the new issue in a subsequent personal restraint petition, and, further, it is not on point in any case. *Pepperling* should be confined to its facts.

Petitioner raises other issues in his second personal restraint petition which he did not raise in his first personal

restraint petition. Except for the general reasons discussed and rejected above, he offers no showing whatsoever justifying raising the other new issues in the second personal restraint petition.

The Court of Appeals' order dismissing petitioner's second personal restraint petition is affirmed.

ANDERSEN, C.J., and UTTER, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.