933 P.2d 1019 (1997)
131 Wash.2d 558
In the Matter of the Personal Restraint of John JOHNSON, Petitioner.
No. 64284-2.
Supreme Court of Washington, En Banc.
Argued October 22, 1996.
Decided April 3, 1997.
Nielsen & Acosta, Eric Broman and Kathryn Allison Russell, Seattle, for petitioner.
*1020 John J. Johnson, pro se.
Jim Krider, Snohomish County Prosecutor, S. Aaron Fine, Deputy, Everett, for respondent.
TALMADGE, Justice.
Petitioner John Johnson challenges for the second time by personal restraint petition (PRP) the calculation of the offender score used for his 1985 sentence for felony murder. After his first PRP was denied, we decided a 1994 case that overruled prior law and set forth the proper way to calculate Johnson's offender score. The State argues RCW 10.73.140 bars Johnson from bringing this second PRP to challenge the calculation of his offender score and, thus, his sentence. We hold Johnson's present PRP is not barred under the facts of this case because the 1994 decision marked a material change in the law and constituted good grounds for bringing the present petition. RAP 16.4(d). We grant Johnson's petition, and remand this case to the trial court for resentencing.

ISSUES
1. Is Johnson's second PRP challenging the calculation of his offender score barred by either RCW 10.73.140 or RAP 16.4(d)?
2. If Johnson's PRP is not barred, has Johnson established the necessary grounds under RAP 16.4 for granting the PRP?

FACTS
Johnson and two confederates were convicted of first degree felony murder in Snohomish County in 1985. Based on Johnson's criminal history, the sentencing court assigned him an offender score of 2, yielding a standard range of 261 to 347 months. At the sentencing hearing, the court stated its intent to sentence Johnson at the low-end of the standard range in order to be consistent with the low-end sentences the court had already imposed on Johnson's two codefendants. The trial court therefore imposed a sentence of 261 months' confinement, the lowest sentence under the standard range for the offense using 2 as the offender score.
In calculating Johnson's offender score, the trial court addressed two prior convictions, both in California. Johnson was convicted of possession of methadone in 1973, and placed on probation. He was later convicted in 1974 of possession of heroin. Upon his second conviction, his earlier probation was revoked and he served sentences for both offenses concurrently. The sentencing court in Washington, however, counted each offense separately for purposes of Johnson's criminal history, leading to an offender score of 2; for Johnson's crime, with this offender score, his standard sentence range was 261-347 months. Johnson sought direct review of his conviction, which was affirmed. In the direct appeal, he did not challenge the calculation of his offender score.
Johnson filed his first PRP in 1989 to protest, inter alia, the use of 2 as his offender score. Citing RCW 9.94A.360(6)(c) in his first PRP, Johnson argued his offender score should have been 1 because he had served his prior sentences concurrently.[1] With 1 as his offender score, the standard sentence range would be reduced to 250-333 months. Johnson contended the sentencing court, consistent with its statement during the sentencing hearing, would have sentenced him at the low-end of the standard range, a sentence of 250 months.
The Court of Appeals rejected Johnson's claim, noting the two possession crimes for which Johnson was convicted were not committed and tried at one time. On the authority of State v. Chavez, 52 Wash.App. 796, 799, 764 P.2d 659 (1988) (overlapping sentences not considered as one offense for purposes of calculating offender score), the Court of Appeals concluded the commission of the second offense resulted in revocation of the probation imposed for the first offense. As a result, according to the Court of Appeals, Johnson's California sentences overlapped and he served the sentence for the second offense concurrently with the balance of the *1021 sentence imposed for the first. Johnson did not petition this Court for review of the Court of Appeals decision.
We specifically overruled Chavez five years after the denial of Johnson's initial PRP. In In re Personal Restraint of Sietz, 124 Wash.2d 645, 650, 880 P.2d 34 (1994), we concluded for offenses committed before July 1, 1986, a revoked probation or parole merges with another offense served concurrently, establishing an "adult conviction served concurrently" for purposes of RCW 9.94A.360(8) in calculating an offender score. Under this new rule, Johnson's offender score should have been 1 instead of 2.
As a result of the decision in Sietz, Johnson filed a motion on December 5, 1994 under CrR 7.8(a) to correct what he called a clerical mistake in his sentence. Judge Richard Thorpe of the Snohomish County Superior Court responded by letter on April 4, 1995, denying the motion, and advising Johnson that his only avenue for relief was a PRP, citing RAP 16.5(a). Johnson then filed his second PRP on May 17, 1995, in which he again argued his offender score should have been 1, this time citing Sietz. Prior to argument, the Court of Appeals certified the case to this Court, and we accepted certification in accordance with RCW 2.06.030 and RAP 4.3.

ANALYSIS
A. BAR TO SUCCESSIVE PRPS
We are asked in this case to determine if Johnson's PRP is barred by the limits on successive PRPs contained in court rule and statute. The State argues RCW 10.73.140 applies to bar Johnson's second PRP. The State also contends the statute is substantive and therefore supersedes any contrary court rule. Abad v. Cozza, 128 Wash.2d 575, 593 n. 2, 911 P.2d 376 (1996); State v. W.W., 76 Wash.App. 754, 758, 887 P.2d 914 (1995). Johnson argues RAP 16.4(d) applies and does not bar his second PRP. He argues the statute is procedural and is superseded by the court rule. RAP 1.1(b); RCW 2.04.200; Nearing v. Golden State Foods Corp., 114 Wash.2d 817, 821, 792 P.2d 500 (1990) ("Whenever there is a conflict between a procedural statute and a court rule, the court's rule-making power is supreme.").
Both RAP 16.4(d) and RCW 10.73.140, albeit by different language, limit successive personal restraint petitions. RCW 10.73.140 states:
If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.... If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.
The State argues this statute bars Johnson's second PRP because it raises "the same grounds for review." Supplemental Br. of Resp't at 3. We have previously defined a "ground" for purposes of a PRP: "By `ground' we mean simply a distinct legal basis for granting relief .... the prior denial must have rested on an adjudication of the merits of the ground presented in the subsequent application." In re Personal Restraint of Taylor, 105 Wash.2d 683, 688, 717 P.2d 755 (1986). Johnson is once again seeking a reduction in his sentence on the ground that his offender score was miscalculated.
RAP 16.4(d) provides: "No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." We have previously defined "similar relief." In In re Personal Restraint of Haverty, 101 Wash.2d 498, 503, 681 P.2d 835 (1984), we adopted the United States Supreme Court's definition of "similar relief" found in a statute containing language very similar to RAP 16.4(d). Citing Sanders v. United States, 373 U.S. 1, 15, 17, 83 S.Ct. 1068, 1077, 1078, 10 L.Ed.2d 148 (1963), we held the phrase "similar relief" relates to the grounds for the relief, rather than the type of relief sought. See also In re Personal Restraint of Jeffries, 114 Wash.2d 485, 488-89, *1022 789 P.2d 731 (1990). Johnson asserts the Court may consider his second PRP because Sietz is a material change in the law and, as such, establishes the good cause the rule requires.
We decline to read either the statute or the court rule as superseding the other. Where a statute and court rule can be interpreted harmoniously, we do so. State v. Thomas, 121 Wash.2d 504, 511, 851 P.2d 673 (1993); Ryan, 103 Wash.2d at 178, 691 P.2d 197. The statute conflicts with the rule in the Court of Appeals, but not in the Supreme Court. This is because RCW 10.73.140 divests the Court of Appeals, but not the Supreme Court, of jurisdiction to decide PRPs presenting the "same grounds for review."
The Legislature has authority to determine the jurisdiction of the Court of Appeals. When the people in 1968 approved the 50th Amendment to the Washington Constitution (authorizing establishment of a Court of Appeals), the Legislature established the Court of Appeals in 1969. RCW 2.06.010. Article IV, section 30(2) delineated the jurisdiction of the Court of Appeals: "The jurisdiction of the court of appeals shall be as provided by statute or by rule authorized by statute." In RCW 2.06.030, the Legislature declared, with enumerated exceptions, the Court of Appeals has "exclusive appellate jurisdiction in all cases." Id. In 1971, the Legislature authorized the Court of Appeals to grant writs of habeas corpus. RCW 7.36.040. We have held this statute to be "a constitutional and fully effective grant of original habeas corpus jurisdiction to the Court of Appeals." Holt v. Morris, 84 Wash.2d 841, 846 n. 1, 529 P.2d 1081 (1974). Article IV, section 4 gives the Supreme Court original jurisdiction of habeas corpus proceedings. Thus, as we held in Toliver v. Olsen, 109 Wash.2d 607, 613, 746 P.2d 809 (1987), the Supreme Court and Court of Appeals have concurrent original jurisdiction of habeas corpus proceedings seeking post-conviction relief.
Had the Legislature not spoken further, RAP 16.4(d) would apply to the Court of Appeals in this case. In 1989, however, the Legislature enacted RCW 10.73.140 restricting the jurisdiction of the Court of Appeals with respect to petitions for personal restraint, and divesting the Court of Appeals of jurisdiction to decide PRPs that raise the "same grounds for review."
The Legislature has also directed, however, in the Court of Appeals general jurisdiction statute, "No case, appeal or petition for a writ filed in the supreme court or the [Court of Appeals] shall be dismissed for the reason that it was not filed in the proper court, but it shall be transferred to the proper court." RCW 2.06.030. By its specific terms, RCW 10.73.140 relates only to the Court of Appeals and does not apply to the Supreme Court.[2] Thus, the proper procedure for the Court of Appeals, when it receives a personal restraint petition it may not consider under the terms of RCW 10.73.140, is either to dismiss it, or to transfer it to this Court if it determines RAP 16.4(d) might apply.[3] Here, the Court of Appeals unnecessarily certified Johnson's PRP, but instead could have transferred it to this Court.
In summary, we hold RCW 10.73.140 does not bar this Court's consideration of Johnson's PRP. The petition is properly before us, and we must now determine whether Johnson has shown good cause under RAP 16.4(d) for this Court to reconsider his petition for reduction of his sentence.
The Court in In re Personal Restraint of Holmes, 121 Wash.2d 327, 849 P.2d 1221 (1993), first reviewed its holdings with respect to RAP 16.4(d) and found the rule applies "where a petitioner advances the same grounds for relief in more than one petition." Holmes, 121 Wash.2d at 331, 849 *1023 P.2d 1221. Thus, RAP 16.4(d) will ordinarily bar a petitioner from filing successive petitions seeking relief on the same grounds, in the absence of a showing of good cause. The Holmes Court also noted, however, that a petitioner demonstrates good cause for advancing the same grounds for relief under the rule when there has been a "significant, intervening change in the law [which] may occur as a result of a decision by this court." Id. See also Jeffries, 114 Wash.2d at 488, 789 P.2d 731; Taylor, 105 Wash.2d at 688, 717 P.2d 755.
In the present case, Johnson seeks relief on the same grounds, again asserting the sentencing court erred in calculating his offender score. In both petitions, Johnson asserted his offender score was improperly calculated because the sentences he served concurrently in California should have counted under RCW 9.94A.360(8) as one offense. The Court of Appeals in 1989 relied on Chavez in denying Johnson's first PRP. Yet Sietz overruled Chavez in 1994. As the State concedes in its Resp. to Personal Restraint Pet. at 4 n. 2, Sietz represents a "material intervening change in the law," and therefore provides good cause for Johnson to petition anew for similar relief. RAP 16.4(b).[4]
B. GROUNDS FOR PRP
Overcoming the argument his second PRP is not barred by statute does not necessarily result in the relief Johnson seeks; he still must demonstrate he is entitled to relief under RAP 16.4. We have summarized the requirements of the rule as follows: "In order to obtain relief by way of personal restraint petition, however, a person must establish (1) he or she is being unlawfully restrained, (2) due to a `fundamental defect which inherently results in a complete miscarriage of justice' [when nonconstitutional grounds are asserted]." In re Personal Restraint of Fleming, 129 Wash.2d 529, 532, 919 P.2d 66 (1996), quoting In re Personal Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990).
First, Johnson has established his restraint was unlawful to the extent he was sentenced on the basis of an incorrect calculation of his offender score. A sentencing court acts without statutory authority under the Sentencing Reform Act of 1981 when it imposes a sentence based on a miscalculated offender score. State v. Roche, 75 Wash. App. 500, 513, 878 P.2d 497 (1994); State v. Brown, 60 Wash.App. 60, 70, 802 P.2d 803 (1990), review denied, 116 Wash.2d 1025, 812 P.2d 103 (1991), overruled on other grounds, State v. Chadderton, 119 Wash.2d 390, 832 P.2d 481 (1992). In 1985, when Johnson was sentenced, the law with respect to calculation of his offender score required his score be a 1. This was the holding of Sietz in 1994, and this holding must be applied retroactively to 1985. Once the Court has determined the meaning of a statute, that is what the statute has meant since its enactment. In re Personal Restraint of Vandervlugt, 120 Wash.2d 427, 436, 842 P.2d 950 (1992); In re Personal Restraint of Moore, 116 Wash.2d 30, 37, 803 P.2d 300 (1991). The State concedes this retroactive application of the Sietz statutory interpretation. Resp. to Personal Restraint Pet. at 4 n. 2.[5]
*1024 Second, Johnson has also established a fundamental defect in his sentence that results in a miscarriage of justice under the particular facts of this case. While the State argues Johnson is not entitled to any relief because the 261-month sentence he received is within the properly calculated standard sentence range of 250-333 months, and therefore was within the court's authority, the sentencing judge specifically indicated on the record he intended to sentence Johnson at the low end of the standard range. The trial court sentenced Johnson's codefendants to similar low-end sentences. The judge thought a sentence of 261 months for Johnson was the low end based on the offender score of 2. Had the judge used the proper offender score, the low end of the standard range would have been 250 months. Johnson should have another sentencing hearing for the trial court to consider his sentence, with a proper calculation of his offender score.[6]

CONCLUSION
Johnson was sentenced in 1985 based on an incorrect calculation of his offender score. The error did not appear until 1994 when this Court decided Sietz. Even though Johnson argued in his first PRP in 1989 his sentence was incorrect, his second PRP on the same grounds is not barred by RAP 16.4(d) because Sietz was a material intervening change in the law constituting good cause for the second PRP. Johnson has established the necessary grounds for relief under RAP 16.4.
We grant Johnson's PRP and remand the case to the Snohomish County Superior Court for resentencing.
DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON and ALEXANDER, JJ., concur.
SANDERS, J., concurs by separate opinion.
MADSEN, J., dissents by separate opinion.
SANDERS, Justice (concurring).
I concur with the result reached by the majority (Johnson's PRP should be granted and remanded to the Snohomish County Superior Court for resentencing); however, I fully agree with the point made in Justice Madsen's dissent that the Court of Appeals has jurisdiction to transfer only redundant personal restraint petitions pursuant to RAP 16.4(d), not dismiss them on the merits. Jurisdiction to determine jurisdiction in this context means jurisdiction to determine whether "more than one petition for similar relief on behalf of the same petitioner ...." has been filed. RAP 16.4(d). If so, the Court of Appeals must transfer the petition to the Supreme Court which has exclusive jurisdiction to determine its merits. This is to say the Court of Appeals does not have jurisdiction to dismiss a repetitive PRP on the merits, but to determine only that it is repetitive and transfer it.
MADSEN, Justice (dissenting).
I agree with the majority that RCW 10.73.140 and RAP 16.4(d) conflict as to whether a second or successive personal restraint petition is reviewable by the Court of Appeals when it raises an issue which has been raised in a prior personal restraint petition. I further agree that the statute prevails because the Legislature has authority to determine the jurisdiction of the Court of Appeals, and agree that the statute does not apply to restrict this court's jurisdiction in habeas matters.
However, some of the majority's analysis is troublesome. Under RCW 10.73.140 the Court of Appeals must dismiss a second petition raising the same issue. The majority reasons that under the general jurisdiction statute applying to the Court of Appeals, RCW 2.06.030, that court must transfer to "the proper court" a matter which it must *1025 dismiss based upon lack of subject matter jurisdiction. The majority reasons that this court is a proper court to which the Court of Appeals must transfer a personal restraint petition over which it has no jurisdiction under RCW 10.73.140.
The difficulty I see is in the majority's directive that the Court of Appeals is to transfer only those cases having potential merit under RAP 16.4(d). First, there seems to be nothing in RCW 2.06.030 which permits the transfer of some but not all cases over which the Court of Appeals lacks jurisdiction because of RCW 10.73.140. This court's jurisdiction does not depend upon whether a personal restraint petition has potential merit under RAP 16.4(d). Accordingly, if this court is a proper court in which to transfer personal restraint petitions having such potential merit, it is also a proper court in which to transfer personal restraint petitions having none. Second, in order to determine which personal restraint petitions should be transferred to this court, the Court of Appeals would clearly have to review the merits of the petitions and exercise discretion as to which should be transferred. That review is plainly beyond its jurisdiction under RCW 10.73.140.
Aside from these concerns, I must dissent from the majority's conclusion that petitioner is entitled to relief under RAP 16.4(d). The petitioner has failed to carry the burden of showing a fundamental defect which inherently results in a complete miscarriage of justice. See In re Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990) (requirement for relief under RAP 16.4 where nonconstitutional grounds are asserted). Although the majority says that petitioner, if sentenced at the low end of the correct range as the trial court indicated was intended, would have received a shorter sentence, the majority also quite correctly recognizes that on resentencing the court could impose the same sentence as originally imposed or even a longer sentence than originally imposed, so long as the new sentence is within the standard range based upon the proper offender score. Majority at 1023 n. 4. However, petitioner's sentence already falls within the standard range based upon the correct offender score and therefore there has been no complete miscarriage of justice in this case.
Finally, the majority too strongly declares that personal restraint petitions are not subject to res judicata principles and that a relaxed standard of finality applies to judgments in the "criminal context." Majority at 1023 n. 2. Although the majority relies upon statements by the United States Supreme Court in a 1963 case, more recently the Court has concluded that Congress' new restrictions on successive habeas petitions "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice `abuse of the writ.'"[1]Felker v. Turpin, ___ U.S. ___, ___, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996) (addressing Title 1 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1217) By whatever name, valid restrictions may be placed upon successive petitions.
The petition should be dismissed.
GUY, J., concurs.
NOTES
[1] RCW 9.94A.360(6)(c), as it read in 1989, provided, in pertinent part:

In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense....
[2] We do not address here whether the Legislature could restrict this Court's jurisdiction of petitions for personal restraint.
[3] The statutory imperative in RCW 10.73.140 to "dismiss the petition on its own motion" is simply another way of stating the Court of Appeals has no subject-matter jurisdiction of PRPs raising the same grounds for review. The Court of Appeals has jurisdiction to decide jurisdiction, Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wash.2d 459, 465, 880 P.2d 25 (1994), and must decide whether to dismiss the PRP for lack of jurisdiction or transfer it to the Supreme Court for possible applicability of RAP 16.4(d).
[4] The State contends that traditional principles of res judicata apply to PRPs. While under similar circumstances in civil litigation, a subsequent change in the law would not allow a litigant to reopen a case already decided, the United States Supreme Court has observed, "Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged.... The inapplicability of res judicata to habeas, then, is inherent in the very role and function of the writ." Sanders v. United States, 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963). Similarly, a PRP envisions a more relaxed standard of finality to judgments in the criminal context. Res judicata principles do not prevent Johnson from arguing Sietz requires a new sentencing hearing.
[5] In Laws of 1995, ch. 316, § 1, the Legislature added the following definition to RCW 9.94A.360(6), effectively overruling Sietz:

As used in this subsection (6), "served concurrently" means that: (i) The latter sentence was imposed with specific reference to the former; (ii) the concurrent relationship of the sentences was judicially imposed; and (iii) the concurrent timing of the sentences was not the result of a probation or parole revocation on the former offense.
This provision became effective May 11, 1995, and is codified at RCW 9.94A.360(6)(b). The State noted this amendment in its Resp. to Personal Restraint Pet. at 4 n. 1, but has not argued the amendment applies to this case. Applying it to Johnson's case likely would violate his right to be free of ex post facto legislation, as it would be to Johnson's disadvantage in calculating the offender score. State v. Edwards, 104 Wash.2d 63, 70-71, 701 P.2d 508 (1985).
[6] We do not suggest by this opinion the trial court is foreclosed from imposing a sentence of 261 months or, for that matter, any lawful sentence within the trial court's discretion. The sentence must be predicated on an accurate offender score.
[1] Some courts expressly apply res judicata principles to habeas petitions. See, e.g., Isley v. State, 652 So.2d 409, 410-11 (Fla.Dist.Ct.App.1995); State ex rel. Richard v. Seidner, 77 Ohio St.3d 68, 671 N.E.2d 28 (1996); but see Brooks v. Alabama Bd. of Pardons & Paroles, 644 So.2d 481 (Ala. Crim.App.1994).