131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray Albert LEWIS, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 96-35445.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Thomas S. Zilly, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ray Albert Lewis, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1986 conviction for aggravated first degree murder. We review de novo. See Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 In his section 2254 petition, Lewis raised the following claims: (1) he had a right to enter a plea to felony murder; (2) the charging information was insufficient; (3) the jury was erroneously instructed on an uncharged crime; and (4) the jury was erroneously instructed that robbery was an element of aggravated first degree murder.
 
 
 4
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. § 2254(b) (1988); Rose v. Lundy, 455 U.S. 509, 515 (1982). If it is clear that the petitioner's claims can no longer be presented to the highest state court because they would be procedurally barred, the exhaustion requirement is satisfied, but the claims are procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). Thus, federal review of the claims is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. See id. at 750; Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir.1993).
 
 
 5
 Lewis first contends that the district court erred by dismissing his second, third and fourth claims as procedurally barred. This contention is meritless.
 
 
 6
 Lewis raised his third claim for the first time in his second personal restraint petition. The Washington Court of Appeals dismissed the petition as abusive pursuant to Wash. Rev.Code § 10.73.140 and the Washington Supreme Court denied Lewis's motion for discretionary review. See Wash. Rev.Code § 10.73.140 (1990) (providing that personal restraint petition will be dismissed as abusive unless petitioner can show good cause why claims not raised in first petition). Thus, Lewis is procedurally barred from bringing his third claim pursuant to an independent and adequate state rule. See id.; In re Holmes, 849 P.2d 1221, 1224-25 (Wash.1993).[1]
 
 
 7
 Lewis did not raise his second or fourth claims on direct appeal or in his first or second personal restraint petitions. Because Lewis would now be time-barred from bringing either claim in state court, he is procedurally barred from pursuing these claims in federal court. See Wash. Rev.Code § 10.73.090 (1990) (providing that no personal restraint petition may be filed more than one year after judgment becomes final); Coleman, 501 U.S. at 735 n. 1; In re Runyon, 853 P.2d 424, 431 (Wash.1993). Further, Lewis has failed to show either cause and prejudice or a fundamental miscarriage of justice as to any of the three claims. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 806.
 
 
 8
 Lewis also contends that the district court erred by finding that he had no constitutional right to enter a separate plea to first degree felony murder, which was alternatively charged in the amended information. This contention lacks merit.
 
 
 9
 In the second amended information, Lewis was charged with aggravated first degree murder and the lesser included offense of first degree murder committed, alternatively, with premeditation or in furtherance of first degree robbery. See Wash. Rev.Code §§ 10.95.020 (1990), 9A.32.030 (1988). Lewis does not have a constitutional right to enter a plea to the lesser included charge of felony murder and thereby foreclose the State from pursuing the charge of aggravated first degree murder. See Weatherford v. Bursey, 429 U.S. 545, 560-61 (1977) (holding that there is no constitutional right to plea bargain). Furthermore, because in this case felony murder is a lesser included offense, Lewis's claims that he is entitled to a new plea hearing and that the information is duplicitous are also meritless.
 
 
 10
 Accordingly, the district court properly denied Lewis's section 2254 petition. See Calderon, 59 F.3d at 1005.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Lewis's corollary argument that the conflict between Wash. Rev.Code § 10.73.140 and Wash. R.App. P. 16.4(d) precludes the state court from dismissing his second personal restraint petition is meritless. Both the statute and the rule require a good cause showing for raising claims in a subsequent personal restraint petition. See Wash. Rev.Code § 10.73.140; Wash. R.App. P. 16.4(d). Further, Washington has determined that the rule and the statute are consistent. See In re Holmes, 849 P.2d 1221, 1223-24 (Wash.1993)