# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In the Matter of the Personal Restraint of<br><br>CODY ALLEN HULBERT,<br><br><br>Petitioner. | No. 80870-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Cody Hulbert pleaded guilty to first degree child molestation, attempted first degree child molestation, and unlawful imprisonment with sexual motivation. The charges arose from an incident in which Hulbert, who was working at an amusement center, lured two small children into a party room with the promise of balloons, locked the door, and molested them. As part of Hulbert's judgment and sentence, the trial court imposed conditions of community custody, four of which Hulbert now challenges:

> 6. Do not frequent areas where minor children are known to congregate, as defined by the supervising Community Corrections Officer.

> 7. Do not possess or access pornographic materials, as directed by the supervising Community Corrections Officer. Do not frequent establishments whose primary business pertains to sexually explicit or erotic material. Pornographic materials are defined as images of sexual intercourse, simulated or real, masturbation, or the display of intimate body parts.

> 8. Do not date women nor form relationships with families who have minor children, as directed by the supervising Community Corrections Officer.

14. Participate in urinalysis, breathalyzer, plethysmograph and polygraph examinations as directed by the supervising Community Corrections Officer, to ensure conditions of community custody.

A personal restraint petition must be filed within one year of a judgment and sentence becoming final. RCW 10.73.090. After this time elapses, a petition is time barred unless a petitioner can show (1) the judgment and sentence is facially invalid or rendered by a court lacking jurisdiction or (2) there are exempt grounds for relief under RCW 10.73.100. In re Pers. Restraint of Weber, 175 Wn.2d 247, 255, 284 P.3d 734 (2012). It is undisputed that Hulbert filed this petition more than a year after his judgment and sentence became final. Thus, Hulbert bears the burden of demonstrating that his petition is timely.[1]

Hulbert contends that conditions 6, 7 and 8 are unconstitutionally vague, and thus facially invalid. A community custody condition that does not provide fair warning of proscribed behavior is unconstitutionally vague. State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008). Specifically, a community custody condition must (1) "'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed'" and (2) "'provide

---

[1] In addition to the one year time limit, Hulbert faces another barrier to consideration of his petition. Hulbert filed a prior personal restraint petition in which he contended that his guilty plea was involuntary because he was misinformed about the sentencing consequences. This court is barred from considering a successive personal restraint petition when the petitioner raises a new ground for relief and fails to show good cause for not having raised the new ground in the previous petition. RCW 10.73.140; In re Pers. Restraint of Bell, 187 Wn.2d 558, 562, 387 P.3d 719 (2017). Good cause includes a material intervening change in the law. In re Pers. Restraint of Holmes, 121 Wn.2d 327, 331, 849 P.2d 1221 (1993). While Hulbert does not directly address RCW 10.73.140, he does cite to cases decided subsequent to his prior petition that address the validity of the challenged conditions.

ascertainable standards of guilt to protect against arbitrary enforcement.'" Id. (quoting City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

Condition 6 bars Hulbert from frequenting places "where minor children are known to congregate, as defined by the supervising Community Corrections Officer." As the State concedes, we have held this condition is unconstitutionally vague because "[w]ithout some clarifying language or an illustrative list of prohibited locations . . . the condition does not give ordinary people sufficient notice to 'understand what conduct is proscribed." State v. Irwin, 191 Wn. App. 644, 652, 655, 364 P.3d 830 (2015) (quoting Douglass, 115 Wn.2d at 178). On remand, condition 6 must be stricken or modified accordingly.

The first sentence of condition 7 prohibits Hulbert from possessing or accessing pornographic materials. While the condition defines "pornographic materials," the Washington Supreme Court has held that this definition is still ambiguous about what is and is not permitted. State v. Padilla, 190 Wn.2d 672, 682, 416 P.3d 712 (2018). On remand, the first sentence of condition 7 must be stricken or modified to adequately define the scope of prohibited material.[2]

Condition 8 prohibits Hulbert from "form[ing] relationships with families who have minor children."[3] Citing an unpublished opinion from Division Two of this court, State v. Robinett, No. 50653-0-II, Slip op. at 9 (Wash Ct. App. Jan. 15,

---

[2] Hulbert does not challenge the second sentence of condition 7, prohibiting him from frequenting establishments whose primary business pertains to sexually explicit or erotic material.

[3] Condition 8 also prevents Hulbert from "dat[ing] women" with minor children. Hulbert does not challenge this portion of the condition.

2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2050653-0-

II%20Unpublished%20Opinion.pdf, Hulbert argues that the word "relationship,"

without any further qualifier, is unconstitutionally vague.  As the court in Robinett

stated:

> Unlike the term "dating relationship," which is statutorily defined in
> RCW 26.50.010(2) and was held by the Nguyen court to be
> sufficiently definite to withstand a vagueness challenge, people of
> ordinary intelligence, including corrections officers charged with
> enforcing this condition, could reasonably disagree as to when a
> person forms a relationship with another.
>
> Therefore, the condition lacks the definiteness needed to
> allow ordinary people to understand what conduct is proscribed,
> and it permits arbitrary enforcement by granting corrections officers
> broad discretion to determine when an encounter between [the
> defendant] and another individual has crossed the obscure
> threshold of forming a relationship.

Id. (citing State v. Nguyen, 191 Wn.2d 671, 682, 425 P.3d 847 (2018)).  We

agree with this analysis. On remand, the identified portion of condition 8 must be

stricken or modified to provide sufficient definiteness regarding the type and

manner of relationship prohibited.

Finally, Hulbert challenges condition 14, which requires him to participate

in plethysmograph testing "as directed by the supervising Community Corrections

Officer."  Hulbert contends, and the State concedes, that requiring an individual

to submit to plethysmograph testing subject only to the discretion of a community

corrections officer violates an individual's constitutional right to be free from

bodily intrusion.  State v. Land, 172 Wn. App. 593, 605, 295 P.3d 782 (2013).  It

may be ordered by a qualified provider only as part of crime-related treatment.

Land, 172 Wn. App. at 605.  On remand, this condition must be stricken or

modified to comply with Land.

Accordingly, we grant Hulbert's petition and remand to the trial court to amend the community custody conditions consistent with this opinion.

FOR THE COURT:

_____
Brennan, J

_____
Smith, J.

_____
Verellen, J