# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>AMANDA CHRISTINE KNIGHT,<br><br>       Petitioner. | No. 56100-0-II<br><br><br>UNPUBLISHED OPINION |

CRUSER, A.C.J. – In this, her second personal restraint petition, Amanda Christine Knight once again challenges her felony murder conviction.[1] She argues that in light of our supreme court's decision in her first petition,[2] the evidence is insufficient to support her felony murder conviction. Knight also argues that this petition is not time barred under RCW 10.73.090 because the sufficiency of the evidence exception to the time bar, RCW 10.73.100(4), applies.[3] Because this petition is a successive petition under RCW 10.73.140 and is not time barred under RCW 10.73.100(4), we transfer this petition to our supreme court for its consideration.

---

[1] Knight originally filed this petition in our supreme court. Our supreme court transferred the petition to this court without first determining whether this petition is a successive petition and/or time-barred.

[2] *In re Pers. Restraint of Knight*, 196 Wn.2d 330, 473 P.3d 663 (2020).

[3] Knight also argues that RCW 10.73.100(6), the significant change in the law exception to the time bar, applies because our supreme court's decision on her first petition constitutes a significant change in the law. Because we hold that this petition is not time barred under RCW 10.73.100(4), we do not address this argument.

FACTS

I. BACKGROUND

In 2010, Knight and three others conducted a home-invasion robbery at the home of James and Charlene Sanders. *Knight*, 196 Wn.2d at 333-34. During the course of the robbery, Knight and her accomplices restrained James and Charlene Sanders, stole their wedding rings, and ordered them to lie on the floor. *Id.* at 334. After taking the rings, one of Knight's accomplices threatened the Sanderses until they admitted that there was a safe in the garage. *Id.* While one of the accomplices was taking James into the garage to open the safe, James broke free, and Knight's accomplices shot and killed him. *Id.* Knight and her accomplices fled immediately after the shooting. *Id*; *State v. Knight* 176 Wn. App. 936, 943, 09 P.3d 776 (2013).

The State charged Knight with several counts, including the first degree robbery of James and the first degree felony murder of James predicated on first degree robbery. *Knight*, 196 Wn.2d at 334. The jury instructions for the felony murder charge required the jury to find that Knight or an accomplice committed felony murder in the course of committing first degree robbery. A jury found Knight guilty of all charges. *Id.* at 335.

Knight appealed, and we affirmed the convictions. *Knight*, 176 Wn. App. at 940-41. The direct appeal mandated in March 2014.

II. FIRST PRP

In July 2016, Knight filed her first personal restraint petition.[4] *In re Pers. Restraint of Knight*, No. 49337-3-II, slip op. at 7 (Wash. Ct. App. Mar. 14, 2009) (unpublished)

_____

[4] For purposes of this opinion, we transfer the briefs from the first petition, *Knight*, No. 49337-3-II, to this petition.

https://www.courts.wa.gov/opinions/pdf/D2%2049337-3-II%20Unpublished%20Opinion.pdf. In her first petition, Knight's primary argument was that the felony murder and first degree robbery of James convictions merged. Pers. Restraint Petition (PRP) (No. 49337-3-II) at 4-13. She also argued that if we agreed with the State's position that the first degree robbery was completed before the killing and that the killing occurred in the course of an offense other than first degree robbery, the evidence was insufficient to support the felony murder conviction. *Id.* at 23. Additionally, she argued that the evidence was insufficient to support several convictions, including the felony murder conviction, because she was not an accomplice to those crimes. *Id.* at 23-24).

In a divided opinion, a majority of a panel of this court held that the felony murder and the first degree robbery of James convictions merged and that Knight's sufficiency arguments failed. *Knight*, No. 49337-3-II, slip op. at 14, 16. Having found merger, the majority considered Knight's sufficiency argument related to the felony murder based only on her assertion that the evidence was insufficient because she was not an accomplice. *Id.* at 16. The majority also rejected Knight's other arguments. *Id.* at 15.

The dissent also rejected the sufficiency arguments. *Id.* at 24 (Sutton, J., dissenting). But, having found no merger, it characterized Knight's sufficiency argument as claiming that "if we hold that the robberies were complete when the rings were taken, there was insufficient evidence that the killing took place in the course of or in furtherance of the robbery." *Id.* at 23, 24-25 (Sutton, J., dissenting).

Both the State and Knight petitioned for discretionary review with our supreme court. *Knight*, 196 Wn.2d at 335. Our supreme court granted review and reversed our decision on the

double jeopardy/merger issue, holding "that Knight's robbery and felony murder charges against James Sanders had an independent effect, as the first robbery against James was already completed before James was murdered in the furtherance of a second, distinct robbery." *Id.* at 342. Our supreme court noted that although Knight had argued in this court that there was insufficient evidence to support the felony murder conviction and we had dismissed that claim, Knight had not appealed that portion of our decision. *Id.* at 335 n.2.

Knight filed this petition on May 10, 2021.

ANALYSIS

Because this is Knight's second petition, we must address whether this is a successive petition under RCW 10.73.140. RCW 10.73.140 provides that we cannot consider a second petition "unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition." Our supreme court has defined a "ground" for purposes of a petition as meaning " 'simply a distinct legal basis for granting relief.' " *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 564, 933 P.2d 1019 (1997) (quoting *In re Pers. Restraint of Taylor*, 105 Wn.2d 683, 688, 717 P.2d 755 (1986), *abrogated on other grounds by In re Pers. Restraint of Gentry*, 179 Wn.2d 614, 316 P.3d 1020 (2014)).

Knight argues that in light of our supreme court's holding that the felony murder was based on a second robbery, the evidence was insufficient to support the felony murder conviction because the jury was instructed that it had to find that the murder was committed during the commission of a completed robbery and the evidence is only sufficient to establish that there was a second

4

*attempted* robbery.[5] A review of the briefing in the first petition shows that Knight raised a similar sufficiency argument when she argued that if we agreed with the State's position that the first degree robbery was completed before the killing and that the killing occurred in the course of an offense other than the first degree robbery of James, the evidence was insufficient to support the felony murder conviction. Thus, this petition is successive and we cannot consider it on the merits.

Because RCW 10.73.140 does not apply to our supreme court, we must transfer successive petitions to our supreme court if the petition is not time barred. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 362, 256 P.3d 277 (2011). We hold that this petition is not time barred.

"RCW 10.73.090 imposes a general bar on [petitions] filed more than one year after a judgment becomes final, where a judgment is valid on its face and rendered by a court of competent jurisdiction." *Id.* at 361. The one-year time bar clearly applies to this petition, which was filed more than six years after Knight's direct appeal became final in 2014. RCW 10.73.090(1), (3)(b). But Knight can overcome the time bar if she can show that what she is now raising falls under one of the six enumerated exceptions to the time bar stated in RCW 10.73.100.

Knight argues that the issue she raises falls under RCW 10.73.100(4). RCW 10.73.100(4) allows for an otherwise untimely petition to be considered if "[t]he defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction." Knight pled not guilty to the charges, and she is now arguing that the evidence was insufficient to support the felony

---

[5] We disagree with the State's assertion that Knight's argument in this petition is not a sufficiency of the evidence argument but, rather, an attempt to rephrase her merger argument and to challenge our supreme court's reasoning. Knight is arguing that if the felony murder conviction is based on a second robbery, there is insufficient evidence to support the felony murder conviction because it was predicated on a completed robbery and only an attempted robbery occurred. We view this as a sufficiency of the evidence argument regardless of whether Knight is properly characterizing our supreme court's holding.

murder conviction. Thus, this exception applies. Because this successive petition is not time barred, we must transfer it to our supreme court for its consideration.

### CONCLUSION

We transfer Knight's petition to our supreme court for its consideration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

WORSWICK, J.

LEE, J.