[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 68.]

THE STATE EX REL. RICHARD, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

[Cite as *State ex rel. Richard v. Seidner*, 1996-Ohio-349.]

*Habeas corpus not not available to challenge either the validity or the sufficiency of an indictment.*

(No. 96-1174—Submitted September 10, 1996—Decided November 6, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006216.

———————————

{¶ 1} Appellant, Donald L. Richard, Sr., an inmate at Lorain Correctional Institution under the custody of appellee, Warden Larry Seidner, filed a petition for a writ of habeas corpus in the Court of Appeals for Lorain County. In Richard's petition and subsequent motions to amend his petition, he raised several claims, including that his indictment was defective because it lacked an allegation that the charged offense of felonious assault was committed within the territorial jurisdiction of his sentencing court. The court of appeals granted Seidner's motions and dismissed the cause.

{¶ 2} The cause is now before this court upon an appeal as of right.

———————————

*Donald L. Richard, Sr.*, *pro se.*

*Betty D. Montgomery*, Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 3} Richard asserts in his sole proposition of law that the court of appeals erred in dismissing his habeas corpus petition, since his indictment did not allege that he committed the charged offense of felonious assault within the jurisdiction of his sentencing court, *i.e.*, the Cuyahoga County Court of Common Pleas. R.C.

2941.03(D). However, Richard's claim challenges the validity or sufficiency of his indictment, is nonjurisdictional in nature, and should have been raised on appeal of his criminal conviction rather than in habeas corpus. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414-415, 667 N.E.2d 1220, 1222; *Luna v. Russell* (1994), 70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169, certiorari denied (1995), 513 U.S. ___, 115 S.Ct. 759, 130 L.Ed.2d 658. Further, the indictment attached to Richard's petition expressly alleged that the charged offense occurred within Cuyahoga County. Finally, *res judicata* precludes Richard's filing of successive habeas corpus petitions. See *Freeman v. Tate* (1992), 65 Ohio St.3d 440, 605 N.E.2d 14; *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 666 N.E.2d 1134; *State ex rel. Richard v. Seidner* (1996), 74 Ohio St.3d 634, 660 N.E.2d 1175; *Richard v. Hills* (1991), 62 Ohio St.3d 155, 580 N.E.2d 774.

{¶ 4} For the foregoing reasons, the court of appeals properly dismissed Richard's habeas corpus petition. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____