[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 116.]

THE STATE EX REL. RICHARD, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.

[Cite as *State ex rel. Richard v. Seidner*, 1997-Ohio-230.)

*Civil procedure—Motion for relief from judgment—Court of appeals does not abuse its discretion in denying a Civ.R. 60(B) motion without conducting an evidentiary hearing, when—Habeas corpus not available to challenge either the validity or the sufficiency of an indictment.*

(No. 96-1245—Submitted February 18, 1997—Decided April 2, 1997.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006193.

———————————

{¶ 1} In July 1995, appellant, Donald L. Richard, Sr., an inmate at Lorain Correctional Institution in the custody of appellee, Warden Larry Seidner, filed a petition for a writ of habeas corpus in the Court of Appeals for Lorain County. Richard claimed entitlement to habeas corpus relief because the trial court lacked jurisdiction to amend his indictment charge of aggravated murder to murder, and to conduct a bench trial on his charge of having a weapon while under disability without strictly complying with the jury trial waiver requirements of R.C. 2945.05. In October 1995, the court of appeals dismissed the petition, and this court subsequently affirmed the dismissal. *State ex rel. Richard v. Seidner* (1996), 74 Ohio St.3d 634, 660 N.E.2d 1175.

{¶ 2} Richard filed a Civ.R. 60(B) motion for relief from the court of appeals' judgment dismissing his habeas corpus petition. Richard asserted that he could not have been convicted of the lesser-included offense of murder without an appropriate jury instruction on the lesser offense. In December 1995, the court of appeals denied Richard's motion, and we later affirmed the judgment. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 666 N.E.2d 1134.

**{¶ 3}** In February 1996, Richard filed a second motion for relief from the court of appeals' prior judgment dismissing his habeas corpus petition. Richard contended that the trial court lacked jurisdiction to convict and sentence him because the indictment did not allege that he committed the charged offense of aggravated murder within the jurisdiction of the trial court, the Cuyahoga County Court of Common Pleas. In May 1996, the court of appeals denied Richard's motion.

**{¶ 4}** The cause is now before this court upon an appeal as of right.

_____

*Donald L. Richard*, Sr., pro se.

*Betty D. Montgomery*, Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 5}** Richard asserts in his sole proposition of law that the court of appeals abused its discretion in denying his second motion for relief from the judgment dismissing his habeas corpus petition without conducting an evidentiary hearing. But an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant Civ.R. 60(B) relief. *Richard*, 76 Ohio St.3d at 151, 666 N.E.2d at 1136, citing *S. Ohio Coal Co. v. Kidney* (1995), 100 Ohio App.3d 661, 667, 654 N.E.2d 1017, 1021.

**{¶ 6}** Richard's motion and attached evidentiary material did not allege operative facts entitling him to Civ.R. 60(B) relief. As we recently held in a separate case involving Richard, his claim challenging the validity or sufficiency of the indictment is not cognizable in habeas corpus. *State ex rel. Richard v. Seidner* (1996), 77 Ohio St.3d 68, 69, 671 N.E.2d 28 ("*** Richard's claim challenges the validity or sufficiency of his indictment, is nonjurisdictional in

nature, and should have been raised on appeal of his criminal conviction rather than in habeas corpus."); see, also, *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268, 1269 (Civ.R. 60[B] motion for relief from judgment cannot be used as a substitute for a timely appeal.). In addition, the indictment attached to his second motion for relief from judgment specifically alleged that the charged offense occurred in Cuyahoga County.

{¶ 7} Based on the foregoing, the court of appeals did not abuse its discretion in denying Richard's second motion for relief from judgment without holding an evidentiary hearing. The court of appeals properly determined that Richard failed to provide the court with any reasons justifying relief from its previous judgment dismissing his habeas corpus petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————