OPINION
Defendant-Appellant, James G. Minyard ("Appellant"), brings this appeal from a judgment of the Court of Common Pleas of Marion County dismissing his habeas corpus petition. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
On November 9, 2000, Appellant filed a petition for a writ of habeas corpus in the Court of Common Pleas of Marion County. In support of his petition, Appellant argues that his confinement is illegal because the original indictment was fatally defective. The trial court sua sponte
dismissed the petition because "the issues raised could have been addressed on appeal, and that habeas corpus cannot be used as a substitute for appeal."
Appellant perfected this timely appeal wherein he presents the following as his sole assignment of error:
 When the indictment is fatally defective and cannot be cured by amendment, it violates Appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution and thus the conviction should be void.
 Appellant argues that the indictment did not state who committed the offense, what statute was violated, in what county the offense occurred, or when the offense occurred. Further, Appellant argues that the indictment was not endorsed as a true bill. Appellant claims that he was prejudiced by the above deficiencies and that his conviction is void or voidable under Ohio law. We disagree.
A petitioner's claim challenging the validity or sufficiency of his indictment, if non-jurisdictional in nature, must be raised on appeal of his criminal conviction rather than in habeas corpus. Richard v. Seidner
(1996), 77 Ohio St.3d 68, 69. Questions surrounding the sufficiency of the indictment, that do not relate to the jurisdiction of the trial court, must be raised by way of appeal from the judgment of conviction.Chapman v. Jago (1976), 68 Ohio St.3d 130, 131.
In the present case, Appellant's arguments in regard to the sufficiency of the indictment do not raise a jurisdictional claim. Instead, Appellant claims that certain information was lacking from the indictment that made it vague, and that these alleged defects were prejudicial to Appellant. Appellant could have raised such issues on appeal of his criminal conviction. Habeas corpus is not an available remedy.
We further note that, upon review of the indictment, Appellant's allegation that the indictment was defective was wholly without merit. The indictment clearly endorses the document as "A TRUE BILL INDICTMENT FOR MURDER R.C. 2903.02." Further, the indictment states "that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga . . . did purposely cause the death of James Minyard, Jr." The "above named Defendant(s)" was listed as Appellant, and the date of the offense was listed as August 7, 1998. As such, the indictment was not defective as argued by Appellant.
Pursuant to the foregoing, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 __________________ WALTERS, P.J.
SHAW and BRYANT, J.J., concur.