JOURNAL ENTRY AND OPINION
This is an appeal from an order or Judge Stuart A. Friedman that denied the motion of pro se appellant William Reynolds' for a nunc pro tunc
order, allegedly under Crim.R. 34 and R.C. 2941.03(D), that would void his criminal conviction on one count of kidnapping and six counts of rape. He claims the State failed to allege Cuyahoga County was the appropriate venue for his case. We affirm.
Reynolds was indicted on one count of kidnapping, R.C. 2905.01, and six counts of rape, R.C. 2907.02, on March 4, 1985. Following a jury trial on March 9 1989, he was found guilty on all counts and was sentenced to ten to twenty-five years in prison on kidnapping, to run consecutive to six concurrent sentences of ten to twenty-five years on each rape count. His conviction was affirmed on direct appeal to this court[1] and his motion for shock probation was denied in 1992. Reynolds, pro se, then filed an "Application for `Nunc Pro Tunc Order' Pursuant to Crim.R. 34 and Ohio Revised Code 2941.03(D)." The judge denied the "Application," ruling that a nunc pro tunc journal entry is used for the correction of clerical or procedural mistakes on a court's docket and not for substantive challenges to an underlying ruling as a substitute for appeal.
Reynolds asserts a single assignment of error:
 [THE] TRIAL COURT COMMITTED PLAIN ERROR, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS GUARANTEED HIM UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION WHEN APPELLANT'S COLLATERAL ATTACK ON THE LACK OF SUBJECT MATTER JURISDICTION OF THE COURT. BROUGHT PURSUANT TO NUNC-PRO-TUNC ORDER CRIMINAL R. 34. SEE R.C. 2941.03(D).
While a judge possesses the inherent authority to correct errors in a judgment entry so that the record of a case speaks the truth, nunc protunc entries are limited in proper use to reflecting what the judge actually decided, not what the judge might or should have decided or what the judge intended to decide.[2]
"The purpose of a nunc pro tunc entry is restricted to placing upon the record evidence of judicial action which has been actually taken and it can be exercised only to supply omissions in the exercise of functions that are clerical merely. The function of nunc pro tunc is not to change, modify, or correct erroneous judgments, but merely to have the record speak the truth."[3]
Although it is not a material element of the offense charged, venue, governed by R.C. 2901.12, is a fact which must be proven in criminal prosecutions unless it is waived by the defendant.[4] The standard of proof is beyond a reasonable doubt, although venue need not be proved in express terms so long as it is established by all the facts and circumstances in the case.[5] Section 10, Article I of the Ohio Constitution fixes venue, or the proper place to try a criminal matter, as follows: "* * * In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." Thus, the rule is that the place of trial is to be where the offense occurred.[6]
The judge was correct in ruling below that motions to arrest a criminal judgment must be made within fourteen days after the finding of guilt, per Crim.R. 34, or at such time fixed by the court within that fourteen day period, and that the time for filing such a motion has passed Reynolds by. We also agree that a dismissal on grounds of venue would be predicated on a substantive issue facing the judge at the time that conviction was entered, that a nunc pro tunc order may not be used to alter past judicial findings as a substitute for the appellate process, and that any appellate review has been unsuccessfully utilized by Reynolds and is now time barred. Parenthetically, we note that each count of Reynolds's indictment alleges that the events giving rise to the charges took place in Cuyahoga County, Ohio. Such a statement is all that is needed in order to sufficiently establish venue under R.C.2941.03(D).[7]
As Reynolds correctly notes, "[p]lain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise."[8] We find, however, there is no merit to his assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCUR; MICHAEL J. CORRIGAN, P. J., CONCURS INJUDGMENT ONLY.
[1] See State v. Reynolds (Dec. 20, 1990), Cuyahoga App. No. 57534, unreported.
[2] State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,101, 671 N.E.2d 236, * * *.
[3] McGowan v. Giles (Mar. 16, 2000), Cuyahoga App. No. 76332, unreported.
[4] State v. Draggo (1981), 65 Ohio St.2d 88, 90.
[5] State v. Headley (1983), 6 Ohio St.3d 475, 477; 453 N.E.2d 716,718, quoting State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus.
[6] Headley, supra.
[7] State ex rel. Richard, Appellant v. Seidner (1996), 77 Ohio St.3d 68,69, 671 N.E.2d 28.
[8] State v. Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894,899; See Crim.R. 52(B).