[Cite as *State v. Lawrence*, 2014-Ohio-4797.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 100371 and 100387

## STATE OF OHIO

PLAINTIFF-APPELLANT AND CROSS-APPELLEE

vs.

## HOWARD E. LAWRENCE, IV

DEFENDANT-APPELLEE AND CROSS-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-570740

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEYS FOR APPELLANT/CROSS-APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: James M. Price
      Kevin R. Filiatraut
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue,   Suite 200
Cleveland, Ohio 44113

Thomas Shaughnessy
11510 Buckeye Road
Cleveland, Ohio 44104

EILEEN A. GALLAGHER, J.:

**{¶1}** The state of Ohio appeals this court to reverse the sentence imposed by the Cuyahoga County Common Pleas Court. The defendant Howard Lawrence opposes and cross appeals, arguing that the trial court erred in failing to grant a mistrial and in failing to hold a hearing before requiring identification to enter the courtroom during trial. Lawrence also argues his guilty verdicts are against the manifest weight of the evidence. Finding merit to the state's appeal, we reverse and remand for proceedings consistent with this opinion. We find no merit to Lawrence's cross-appeal and affirm the decision of the trial court.

**{¶2}** In January of 2013, the Cuyahoga County Grand Jury returned an indictment charging Lawrence with two counts of aggravated murder with one- and three-year firearm specifications (Counts 1 and 2); one count of aggravated robbery with one- and-three-year firearm specifications, notice of prior conviction and repeat violent offender specifications (Count 3); one count of murder with one- and three-year firearm specifications (Count 4), three counts of felonious assault with one- and three-year firearm specifications, notice of prior conviction and repeat violent offender specifications (Counts 5-7), one count of kidnaping with one- and-three-year firearm specifications, notice of prior conviction and repeat violent offender specifications (Count 8) and one count of having a weapon while under disability (Count 9). This indictment stemmed from a shooting incident that occurred on December 15, 2012.

**{¶3}** Lawrence waived his right to a jury trial as to Count 9 for having weapons while under disability as well as the notice of prior conviction and repeat violent offender specifications connected to Counts 3, 5, 6, 7 and 8. A jury tried the remainder of the case. On the third day of trial, and in response to information provided by the Cleveland Police Department, the court issued an order requiring that anyone wishing to enter the courtroom must state their name, present a valid form of picture identification and be amenable to having their

picture taken prior to entering the courtroom. The court also ordered additional screenings for weapons at the entrance to the courtroom. The Cleveland Police Department informed the court that members of the Heartless Felons, a well known criminal gang, would be attending the trial to try and intimidate witnesses.[1]

{¶4} The sole eyewitness in this case was Steven Thomas. Thomas testified that on the evening of the shooting, he had smoked five marijuana blunts and drank approximately two alcoholic beverages, and admitted that he was impaired.

{¶5} Thomas arrived at the home of Uriah Howard, which had been converted into an after-hours spot where people would drink, party and shoot dice. Thomas testified that Lawrence arrived at the residence on the night of the incident with the victim Deangelo Chandler. He stated that there were probably 14 to 16 people at the house. Over the course of the evening Thomas observed Lawrence shooting dice with a person named "Roy." Thomas and Roy were acquaintances; however, he was not acquainted with Lawrence until the evening in question.

{¶6} Thomas testified that the dice game went on for about 40 minutes. When the game was finished, Thomas observed Lawrence turn to his friend Chandler and asked for his "strap." Thomas stated that Chandler initially thought Lawrence wanted his cell phone, but Lawrence clarified that he wanted Chandler's firearm. Thomas observed Chandler hand Lawrence his weapon, saw Lawrence point the gun at Roy, demand the return of the money that he had lost shooting dice and then fire the gun. Thomas testified that as soon as Lawrence fired the

---

[1] The record reflects that during jury selection there was an incident involving a spectator attempting to take pictures of jurors. Additionally, there were a number of witnesses who refused to testify during trial.

weapon, Thomas took cover behind the bar.   Thomas stated that a few moments passed and he heard two more shots fired then saw Lawrence running towards the kitchen of the house away from the room where the shooting occurred.   Thomas stated that he heard Chandler say, "you shot me."   Thomas could not tell to whom Chandler's statement was directed.

{¶7} Thomas and several bystanders helped Chandler to Uriah Howard's   car and they then drove him to St. Vincent's Charity Hospital.   Chandler died at the hospital from a gunshot wound.

{¶8} The jury convicted Lawrence of aggravated robbery with one- and three-year firearm specifications as charged in Count 3 and felonious assault with one- and three-year firearm specifications as charged in Counts 5 through 7 of the indictment.   The court found Lawrence guilty of having weapons while under disability as charged in Count 9 and guilty of the notice of prior conviction and repeat violent offender specifications as charged in Counts 3, 5, 6 and 7. The jury found Lawrence not guilty of the remaining counts.

{¶9} At his sentencing hearing, the court noted that Counts 3, 6, 7, 8 and 9 as well as their attendant specifications merged for purposes of sentencing with the state electing to sentence on Count 3, aggravated robbery.   The court then sentenced Lawrence on that charge to a total prison term of 21 years: 11 years on the base charge, three years on the firearm specification and 7 years on the repeat violent offender specification with the specifications to be served prior to and consecutive with the base term of 11 years.   On the remaining charge of felonious assault (Count 5), the court sentenced Lawrence to 21 years in prison: eight years on the base charge, three years for the firearm specification and ten years on the repeat violent offender specification with the specifications to be served prior to and consecutive with the base term of eight years. The court ordered the sentences on Counts 3 and 5 to be served concurrent for a total prison term

of 21 years.[2]

{¶10} The state's appeal consists of a single assigned error:

The trial court committed reversible error by failing to impose two consecutive three-year prison sentences for firearms specifications associated with defendant's aggravated robbery and felonious assault convictions.

{¶11} Lawrence cross appeals, raising the following assigned errors:

I.    The trial court committed error when it overruled Mr. Lawrence's motion for mistrial.

II.   The trial court committed error when, without first holding a hearing on the record, it determined to preclude access to the courtroom for any spectators who would not produce "valid picture identification or other credible identification" and who was unwilling to accept the possibility of having their pictures taken when entering the courtroom.

III.  The verdicts finding Mr. Lawrence guilty were not supported by the manifest weight of the evidence.

{¶12} In the state's sole assignment of error, it argues that the trial court erred in failing to impose two consecutive three-year prison terms for firearm specifications associated with Lawrence's convictions for aggravated robbery and felonious assault.

{¶13} Ordinarily, the trial court is forbidden from imposing sentence on multiple firearm specifications for "felonies committed as part of the same act or transaction." R.C. 2929.14(B)(1)(b). However, this section applies only to the extent that R.C. 2929.14(B)(1)(g) does not apply, which states:

If an offender is convicted of or pleads guilty to two or more felonies, if one or

_____

[2] The court's sentencing entry notes a conviction on Count 8. However, as noted above, the jury found Lawrence not guilty on the charge of kidnapping and not guilty to all attached specifications. As such, the trial court shall correct its journal to reflect this not guilty finding and remove any mention of Count 8 in the sentencing entry.

more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶14}** In quoting from the Twelfth District, this court has stated that:

While the General Assembly did not include the word "consecutive" in R.C. 2929.14(B)(1)(g), it nonetheless carved out an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed within a single transaction. The mandatory language of the statute ("the court shall impose") also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes, such as [aggravated robbery] or felonious assault. Had the legislature intended a per se rule that sentences for firearm specifications must be served concurrent with one another, it could have stated as much. Or, the legislature could have chosen not to codify R.C. 2929.14(B)(1)(g), which serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction.

*State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, ¶ 10, citing *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876.

**{¶15}** In this case, the jury found Lawrence guilty of aggravated robbery with one- and three-year firearm specifications. The jury also found him guilty of felonious assault with one- and three-year firearm specifications. In its sentencing entry, the trial court imposed three-year sentences for each firearm specification but ordered them to run concurrently. The state claims that this sentence is contrary to law and we agree.

**{¶16}** Lawrence argues that because R.C. 2929.14(B)(1)(g) does not mention consecutive sentences in the statute, he should not be sentenced as such. However, this court has interpreted the language in R.C. 2929.14(B)(1)(g) to be an exception to the general rule that consecutive

sentences cannot be imposed on firearm specifications as part of the same transaction. *See Vanderhorst*. Therefore, the trial court was required pursuant to R.C. 2929.14(B)(1)(g) to impose two consecutive three-year sentences on the firearm specifications. *See Vanderhorst; Isreal*.

{¶17} We therefore sustain the state's sole assigned error and remand for correction pursuant to Crim.R. 36 and R.C. 2929.14(B)(1)(g).

{¶18} In his first assigned error, Lawrence argues that the trial court erred in overruling his motion for a mistrial. We disagree.

{¶19} The decision to grant a mistrial is within the sound discretion of the trial court and will not be overruled absent an abuse of discretion. *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 84. A mistrial should not be granted simply because a minor irregularity or error occurred. *Id.* The substantive rights of the accused or the prosecution must be impaired by the alleged error. *Id.* Thus, a motion for a mistrial should be granted only when a fair trial is no longer possible. *Id.*

{¶20} In the present case, the grand jury returned a nine-count indictment against Lawrence and Lawrence signed a jury waiver as to Count 9. At the beginning of the trial the court listed the charges for the jury. In explaining the charges against Lawrence the judge said, "we have nine charges." Almost immediately after making this statement, the court corrected itself saying that the jury only had eight charges to consider.

{¶21} Lawrence moved for a mistrial on the premise that he was prejudiced by the mere mention of this ninth count to the jury. However, Lawrence cites no authority to support this argument. He also fails to point to any evidence in the records that suggests that this error made a fair trial impossible. An appellate court may disregard an assignment of error pursuant to

App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *State v. Martin*, 12th Dist. Warren No. CA99-01-003, 1999 Ohio App. LEXIS 3266 (July 12, 1999), citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 658 N.E.2d 1109 (3d Dist.1995); *Siemientkowski v. State Farm Ins.*, 8th Dist. Cuyahoga No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028 (May 6, 1998).

{¶22} We find no error with the court's denial of Lawrence's motion for a mistrial. Accordingly, Lawrence's first assigned error is overruled.

{¶23} In his second assigned error, Lawrence claims error with the trial court's failure to hold a hearing before instituting procedures governing entry into the courtroom during his trial.

{¶24} A trial court is not required to hold a hearing on the record before deciding courtroom closure issues. *State v. Bolan*, 8th Dist. Cuyahoga No. 95807, 2011-Ohio-4501, ¶ 60. The Sixth Amendment right to a public trial is not absolute and is subject to some limitations; a trial judge has discretion and control over the proceedings. *Id*. Courts review partial courtroom closures under a triviality standard. *State v. Sowell*, 10th Dist. Franklin No. 06AP-443, 2008-Ohio-3285, ¶ 37. Under this review, we look to determine whether the actions of the court deprived the defendant of the protections guaranteed by the Sixth Amendment. *Id*.

{¶25} In the present case, the actions taken by the trial court clearly did not violate the defendant's right to a fair trial. The record reflects that the trial court received information from the Cleveland Police Department suggesting that members of a well-known prison gang would be attending the hearings to intimidate jurors. The record also reflects that there was an incident during jury selection involving a spectator attempting to take a picture of the jurors with a cell

phone.   There were also numerous issues throughout the trial with witnesses refusing to testify.

**{¶26}** These incidents aside, this was a very narrowly tailored procedure designed to protect the jurors in the trial.   The record does not reflect that anyone was ever barred from entering the courtroom.   Visitors were simply required to state their name, submit some form of valid identification, agree to turn off their cell phones, submit to a "wanding" if requested and were notified that their picture may be taken when entering the courtroom.

**{¶27}** We find no error with the trial court's failure to hold a hearing or with the procedures implemented during trial.   Lawrence's second assigned error is overruled.

**{¶28}** In his third and final assigned error, Lawrence argues that his convictions for aggravated robbery and felonious assault were against the manifest weight of the evidence.

**{¶29}** The Ohio Supreme Court has carefully distinguished the terms sufficiency and weight of the evidence in criminal cases, declaring that they are "both quantitatively and qualitatively different."   *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517,¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus.

**{¶30}** Unlike a review of the sufficiency of the evidence, an appellate court's function when reviewing the manifest weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict.   *Volkman* at ¶ 12; *Thompkins* at 387.   In reviewing whether the jury's verdict was against the weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the existing testimony.   *Id.*   In doing so, this court examines the entire record, weighs the evidence and all of the reasonable inferences to be made, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must

be reversed and a new trial ordered." *Id.*

{¶31} The court remains mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the jury to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn a verdict. *Thompkins* at 387.

{¶32} The charge of felonious assault in Count 5 requires the state to prove that the defendant did knowingly cause or attempt to cause physical harm to Deangelo Chandler by means of a deadly weapon. R.C. 2903.11.

{¶33} The state's witness Steven Thomas testified that he was a guest at the house where the shooting took place and saw no one with a firearm other than the one that transferred from Chandler to Lawrence. Thomas testified that on the evening of this incident, he had smoked approximately five blunts and drank two glasses of brandy. Thomas also testified that he saw the dice game that led Lawrence to demand his lost earnings be returned from Roy, another guest at the party.

{¶34} Thomas testified that he saw Lawrence fire two shots at Roy from a distance of approximately seven feet. Further, Thomas testified that after Lawrence fired his initial two shots, Thomas took cover behind a bar. Thomas testified that he heard two more shots fired but did not see who fired the weapon. He stated that from his position behind the bar, he saw Lawrence leaving the room, "running toward the kitchen way."

{¶35} We find, as it relates to the charge of felonious assault, that the greater weight of credible evidence does support a guilty verdict. The facts are that the defendant and the victim were at a cheat spot in a home where alcohol was being consumed, marijuana being smoked and gambling taking place. Both males were present along with a dozen other individuals.

**{¶36}** Our failure to support  Lawrence's weight of the evidence argument  extends to his conviction for aggravated robbery.   In that count, the state presented the jury with eyewitness testimony that Lawrence pointed a handgun at Roy and demanded the money he lost in the dice game.   In reviewing this evidence, we cannot state that the jury lost its way or created a manifest miscarriage of justice.   Accordingly, Lawrence's third assigned error is overruled.

**{¶37}** The judgment of the trial court is affirmed in part and reversed in part. Further, we remand this matter for correction of the court's sentencing entry to remove any mention of an imposed sentence for Count 8. The record correctly reflects that the jury found Lawrence not guilty on this charge.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR