[Cite as *State v. Martemus*, 2019-Ohio-1116.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106327**

_____

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RAYLAND MARTEMUS**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-17-618173-A
Application for Reopening
Motion No. 522947

**RELEASE DATE:**    March 27, 2019

**FOR APPELLANT**

Rayland Martemus, pro se
Inmate No. 702331
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Carson Strang
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


RAYMOND C. HEADEN, J.:

{¶1} Rayland Martemus has filed a timely application for reopening pursuant to App.R. 26(B).   Martemus is attempting to reopen the appellate judgment, rendered in *State v. Martemus*, 8th Dist. Cuyahoga No. 106327, 2018-Ohio-3277, that affirmed his conviction and sentence for three counts of aggravated burglary, one count of burglary, three counts of aggravated robbery, four counts of robbery, two counts of felonious assault, and one count of having weapons while under disability.     Each conviction, aside from the robbery and having weapons while under disability convictions, contained notices of prior convictions and repeat violent offender specifications.   Martemus was also convicted of one-year and three-year firearm specifications with regard to the offenses of aggravated burglary, aggravated robbery, robbery, felonious assault, and burglary.   We decline to reopen Martemus's original appeal.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, Martemus is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

## II. Improper Imposition of Consecutive Sentences

{¶4} Martemus has raised three proposed assignments of error in support of his application for reopening. Martemus's first proposed assignment of error is that:

> The appellate counsel failed to raise the issue that the trial court's imposition of consecutive sentences did not comply with R.C. 2929.14(C) and Crim.R. 32(B) *State v. Peltrey*.

{¶5} Martemus, through his first proposed assignment of error, argues his appellate counsel was ineffective for failing to argue on appeal that the trial court erred by imposing consecutive sentences of incarceration with regard to the two firearm specifications. At sentencing, the trial court imposed the following consecutive sentences:

Counts 1, 2, 3 and 4 merge for purposes of sentencing. State elects to proceed on count 1. Counts 5, 6, 7, 8, 9, 10, 11 merge for purposes of sentencing. State elects to proceed in count 5. Counts 12 and 14 merge for purposes of sentencing. State elects to proceed in count 12. Count 1. 1 and 3 year firearm specification merge. 3 year firearm specification in count 1 to run prior to and consecutive with 4 year sentence on underlying count. Count 5. 1 and 3 year firearm specification merge. 3 year firearm specification in count 5 to run prior to and consecutive with 4 year sentence on underlying count. Count 12. 1 and 3 year firearm specification merge. 3 year firearm specification in count 12 to run prior to and consecutive with 3 year sentence on underlying count. Count 16. 12 months. *Firearm specification in count 1 and count 12 to run consecutive pursuant to R.C. 2929.14(b)(1)(g),* firearm specification in count 5 to run concurrent to firearm specification in count 1 and 12. The underlying sentences in count 1, count 5, count 12 and count 16 to run concurrent, for an overall sentence of 10 years. The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 10 year(s). (Emphasis added.)

**{¶6}** In addition, R.C. 2929.14(B)(1)(g) provides that:

If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

R.C. 2929.14(B)(1)(g) allows for the imposition of multiple, consecutive firearm specifications.

*See, e.g., State v. Lawrence*, 8th Dist. Cuyahoga Nos. 100371 and 100387, 2014-Ohio-4797, ¶ 12-16. A mandatory three-year firearm specification must be ordered to run not only consecutive to the prison term for the underlying felony, but also consecutive to any other mandatory firearm specification pursuant to R.C. 2929.14(B)(1)(g). *State v. Parker*, 8th Dist. Cuyahoga No. 106585, 2018-Ohio-3677.

**{¶7}** In the case sub judice, Martemus was convicted of aggravated robbery with a one-year firearm specification and a three-year firearm specification and felonious assault with a one-year

firearm specification and a three-year firearm specification. Pursuant to R.C. 2929.14(B)(1)(g), the trial court was required to run the three-year firearm specifications consecutive to each other. All other counts were ordered to be run concurrent to each other. Thus, Martemus has failed to establish any prejudice through his first proposed assignment of error.

### III. Defective Indictment

{¶8} Martemus's second proposed assignment of error is that:

The appellate counsel failed to raise the issue of defective indictment.

{¶9} Martemus, through his second proposed assignment of error, argues his appellate counsel was ineffective for failing to argue on appeal that the indictment brought against him was defective. Specifically, Martemus argues that the indictment was defective because it failed to furnish him with a detailed description of the charged offenses and failed to identify any culpable mental state.

{¶10} The Supreme Court of Ohio has established that:

In contrast, "[t]he purposes of an indictment are to give an accused adequate notice of the charge, and enable an accused to protect himself or herself from any future prosecutions for the same incident." *State v. Buehner*, 110 Ohio St.3d 403, 2006-Ohio-4707, ¶ 7, 853 N.E.2d 1162. "[W]e have recognized that even when an indictment fails to

charge the mens rea of the offense, it is not defective as long as it 'tracks the

language of the criminal statute describing the offense,' because that suffices to

'provide[ ] the defendant with adequate notice of the charges against him."

(Brackets sic.) *State v. Wesson*, 137 Ohio St. 3d 309, 2013-Ohio-4575, ¶ 24, 999

N.E.2d 557, quoting *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, ¶ 45,

935 N.E.2d 26. Similarly, "[a]n indictment that tracks the language of the charged

offense and identifies a predicate offense by reference to the statute number need not also include each element of a predicate offense." *Buehner* at the syllabus.

*State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, 71 N.E.3d 1034, ¶ 127.

{¶11} We find that the indictment was not defective and properly identified the statute numbers associated with the charged offenses, tracked the language of the charged offenses, and included the elements associated with the offenses of aggravated burglary, burglary, aggravated robbery, robbery, felonious assault, and having weapons while under disability. Martemus, through his second proposed assignment of error, has failed to demonstrate that the performance of his appellate counsel was deficient and that he was prejudiced.

### IV. Trial Court Lacked Subject Matter Jurisdiction

{¶12} Martemus's third proposed assignment of error is that:

The appellate counsel failed to raise the question of subject matter jurisdiction pursuant to Crim.R. 3.

{¶13} Martemus, through his third proposed assignment of error, states that his appellate counsel was ineffective on appeal by failing to argue that the trial court did not possess subject matter jurisdiction over his criminal case. Pursuant to R.C. 2931.03, the Cuyahoga County Court of Common Pleas possesses subject matter jurisdiction of criminal cases. The Cuyahoga County Common Pleas Court has original jurisdiction in felony cases and its jurisdiction is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 186 N.E.2d 731 (1962).

{¶14} Herein, the indictment charged Martemus with 16 felonies alleged to have occurred in Cuyahoga County, Ohio. The Cuyahoga County Court of Common Pleas, therefore, possessed subject matter jurisdiction over appellant's case. *State ex rel. Frett v. Sutula*, 8th Dist. Cuyahoga

No. 101983, 2015-Ohio-21; *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-4680. Martemus, through his third proposed assignment of error, has failed to demonstrate that the performance of his appellate counsel was deficient and that he was prejudiced.

{¶15} Accordingly, the application for reopening is denied.

_____

RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR