[Cite as *State v. Lawrence*, 2021-Ohio-2105.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,

    Plaintiff-Appellee,      :

                        No. 109951

    v.                     :

HOWARD LAWRENCE,       :

    Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 24, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-570740-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Brandon A. Piteo, and Mary M. Frey, Assistant Prosecuting Attorneys, *for appellee.*

Friedman | Gilbert | Gerhardstein, and Mary Catherine Corrigan; Allison F. Hibbard, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Howard Lawrence ("Lawrence") appeals the trial court's denial of his motion to vacate a void judgment. For the reasons set forth below, we affirm.

## Factual and Procedural History

{¶ 2} In January 2013, emanating from a shooting incident that occurred on December 15, 2012, a grand jury returned a multicount indictment against Lawrence for two counts of aggravated murder with one- and three-year firearm specifications; one count of aggravated robbery with one- and three-year firearm specifications, notice of prior conviction, and repeat violent offender specifications; one count of murder with one- and three-year firearm specifications; three counts of felonious assault with one- and three-year firearm specifications, notice of prior conviction, a repeat violent offender specification; one count of kidnaping with one- and three-year firearm specifications, notice of prior conviction and repeat violent offender specifications, and one count of having weapons while under disability.

{¶ 3} Lawrence pled not guilty at the arraignment and subsequently waived his right to a jury trial relating to the charge for having weapons while under disability, as well as to the notice of prior conviction and to the repeat violent offender specifications connected to the other counts. The jury found Lawrence guilty of aggravated robbery and felonious assault, along with the attendant one- and three-year firearm specifications as charged in both counts. Separately, the trial court found Lawrence guilty of having weapons while under disability, the notice of prior conviction, and the repeat violent offender specifications as charged. The jury found Lawrence not guilty of the remaining counts.

{¶ 4} The trial court imposed a 21-year prison sentence. Both Lawrence and the state appealed with the state's appeal limited to a portion of the sentence the trial court imposed. In our consolidated disposition, in *State v. Lawrence*, 8th Dist. Cuyahoga Nos. 100371 and 100387, 2014-Ohio-4797, we affirmed Lawrence's convictions but remanded the case to the trial court to impose sentence on multiple firearm specifications and for correction of the record. *Id.* at ¶ 17, 37.

{¶ 5} In accordance with our remand, at Lawrence's resentencing, the trial court imposed the three-year firearm specification to be served consecutively to the previously imposed 21-year prison sentence.

{¶ 6} In April 2020, Lawrence filed a pro se motion styled "motion to vacate void judgment." In the motion, Lawrence argued he was entitled to relief under R.C. 2945.73(B) because a valid probation holder did not exist, thus the triple-count provision was applicable, and he was not brought to trial as required by R.C. 2945.71 and 2945.72. Lawrence stated that in June 2013, he filed a motion to dismiss for violation of speedy trial that divested the trial court of its basic statutory jurisdiction to bring him to trial. The state filed its brief in opposition to Lawrence's motion to vacate a void judgment. The trial court denied Lawrence's motion.

{¶ 7} Lawrence now appeals assigning the following sole error for review:

**Assignment of Error**
The trial court erred by denying the defendant's motion to vacate a void judgment.

{¶ 8} In his sole assignment of error, Lawrence argues the trial court erred when it denied his motion to vacate a void judgment.

{¶ 9} Preliminarily, we note, a motion to vacate a void judgment is treated as a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) is filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for a vacation of the judgment and sentence. *State v. Parker*, 8th Dist. Cuyahoga No. 109804, 2021-Ohio-509, ¶ 20, citing *State v. Robinson*, 8th Dist. Cuyahoga No. 109159, 2020-Ohio-4470, ¶ 9, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8. Thus, for the purposes of this appeal, we construe Lawrence's motion to vacate a void judgment as a petition for postconviction relief.

{¶ 10} R.C. 2953.21 through 2953.23 sets forth how a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Atahiya*, 8th Dist. Cuyahoga No. 109726, 2021-Ohio-1488, ¶ 13, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48.

{¶ 11} The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. *Id.*, citing R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226

N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 12, citing *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

**{¶ 12}** The standard for appellate review of postconviction proceedings is abuse of discretion. *State v. Jackson*, 8th Dist. Cuyahoga No. 108558, 2020-Ohio-4914, ¶ 45, citing *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E. 77, ¶ 58. A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *Id.* The term "'abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980); *see also Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 13}** Lawrence's claim in the motion to vacate a void judgment is undergirded by the allegation that his right to a speedy trial was violated. As such, we find his claim is barred by the doctrine of res judicata. Under the doctrine of res judicata,

> "[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 35, quoting *Perry* at *id.*, paragraph nine of the syllabus. The Ohio Supreme Court has also held that the doctrine of res judicata bars a defendant from asserting in a motion for postconviction relief any issue that could have been raised on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997), citing *State v. Duling*, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970).

{¶ 14} In this matter, on June 19, 2013, while represented by counsel, Lawrence filed a pro se motion to dismiss for lack of a speedy trial. In the motion, Lawrence argued that he was entitled to the triple-count provision for the days he remained in jail on a probation violation. The state filed a brief in opposition and argued that under either the triple-count provision or the one-for-one count, Lawrence's motion should be denied. The trial court found that the one-for-one count applied and denied the motion. Thereafter, Lawrence proceeded to trial where, as previously mentioned, he was convicted.

{¶ 15} However, in his direct appeal, Lawrence abandoned the claimed speedy trial violation. Because Lawrence could have raised this claim in his direct appeal, but failed to do so, res judicata precludes him from raising his speedy trial claim. *Russell v. Mitchell*, 84 Ohio St.3d 328, 1999-Ohio 489, 703 N.E.2d 1249, citing *State ex rel. Richard v. Seidner*, 77 Ohio St.3d 68, 69, 671 N.E.2d 28 (1996).

{¶ 16} Issues properly raised in a petition for postconviction relief are only those that could not have been raised on direct appeal because the evidence supporting such issues is outside the record. *State v. Jordan*, 8th Dist. Cuyahoga

No. 109345, 2021-Ohio-701, ¶ 22, citing *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).  Thus, a trial court may dismiss a petition based on res judicata if an issue was or should have been raised on direct appeal.  *Jordan* at *id.*, citing *State v. Dowell*, 8th Dist. Cuyahoga No. 86232, 2006-Ohio-110, ¶ 10, citing *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph seven of the syllabus.

{¶ 17} As a result, the trial court did not abuse its discretion when it denied the petition for postconviction relief, albeit styled a motion to vacate a void judgment.

{¶ 18} Accordingly, we overrule the sole assignment of error.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR