COURT OF APPEALS DIV I
2017 DEC 11 AM 8: 55


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| FEDERAL HOME LOAN BANK OF SEATTLE, a bank created by federal law, | ) ) ) ) | No. 75779-2-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) ) | |
| v. | ) ) | |
| CREDIT SUISSE SECURITIES (USA) LLC, f/k/a CREDIT SUISSE FIRST BOSTON LLC, a Delaware limited liability company; CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., a Delaware corporation; and CREDIT SUISSE MANAGEMENT LLC, f/k/a CREDIT SUISSE FIRST BOSTON MANAGEMENT LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED<br><br>FILED: December 11, 2017 |
| Respondents. | ) ) ) | |

Cox, J. — Reasonable reliance is an essential element of a claim under

RCW 21.20.010(2) of the Washington State Securities Act ("WSSA").[1] Federal

---

[1] Go2Net, Inc. v. Freeyellow.com, Inc., 158 Wn.2d 247, 251, 143 P.3d 590 (2006); Hines v. Data Line Sys., Inc., 114 Wn.2d 127, 134, 787 P.2d 8 (1990); Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc., No. 75913-2-I, slip op. at 2-3 (Wash. Ct. App. Dec. 11, 2017); Stewart v. Estate of Steiner, 122 Wn. App. 258, 264, 93 P.3d 919 (2004), review denied, 153 Wn.2d 1022 (2005).

Home Loan Bank of Seattle ("FHLBS") commenced this action under the WSSA, after purchasing certain securities. FHLBS claimed that statements in prospectus supplements related to these securities were untrue or misleading. The trial court granted the motion for summary judgment by Credit Suisse Securities (USA), Credit Suisse First Boston Mortgage Securities Corp. and Credit Suisse Management LLC (collectively, "Credit Suisse").

On appeal, we conclude that there is no genuine issue of material fact whether FHLBS reasonably relied on the statements in either prospectus supplement. It could not have so relied because each supplement was made publicly available *after* FHLBS completed the purchases of the related securities. Credit Suisse is entitled to judgment as a matter of law. We affirm.

The material facts are undisputed. FHLBS purchased four residential mortgage backed securities ("RMBSs") from a Credit Suisse entity. RMBSs are securities that are created by a process called "securitization" that entitles an investor to the stream of income payments from a pool of residential mortgage loans.[2] Two of the four RMBSs are at issue here.

Credit Suisse filed prospectus supplements with the Securities and Exchange Commission for both RMBSs. It is undisputed that FHLBS purchased one of the two securities on September 30, 2005, before 2:00 p.m. Credit Suisse filed the related prospectus supplement that day but it was not publicly available until around 5:00 p.m. eastern time, after this purchase was completed.

---

[2] See Barclays Capital, Inc., slip op. at 2-3; Clerk's Papers at 2657-60, 2793-96.

2

FHLBS purchased the other RMBS on May 30, 2007. Credit Suisse filed the related prospectus supplement with the SEC on June 1, 2007, the day after the purchase was completed.

FHLBS commenced this action for rescission and other relief. It alleged in its amended complaint that it had relied on untrue or misleading statements in both prospectus supplements. Credit Suisse moved for summary judgment, which the trial court granted. The court did so on the basis that "FHLBS failed to establish that it reasonably relied on the misstatements it alleged were contained in the prospectus supplements" because it purchased the securities before reviewing the prospectus supplements.[3]

FHLBS appeals.

## REASONABLE RELIANCE

Despite the allegations in its earlier readings, FHLBS primarily now argues that the trial court improperly granted summary judgment because reasonable reliance is not an essential element under RCW 21.20.010(2). We disagree.

We will affirm an order granting summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4] A material fact is one on which the outcome of the litigation

---

[3] Clerk's Papers, Vol. 23 at 10461.

[4] McPherson v. Fishing Company of Alaska, 199 Wn. App. 154, 157, 397 P.3d 161, review denied, 189 Wn.2d 1021 (2017).

depends.[5] We review de novo orders of summary judgment.[6] We also review de novo a trial court's legal conclusions.[7]

In summary judgment, the moving party bears the initial burden to show the absence of an issue of material fact.[8] When the moving party is the defendant, and meets this burden, the burden shifts to the plaintiff.[9] If the plaintiff cannot establish the existence of an essential element in its case, which it would bear the burden to prove at trial, then the trial court should properly grant summary judgment.[10] Failure to prove an essential element of "'the nonmoving party's case necessarily renders all other facts immaterial.'"[11]

In construing a statute, we seek to ascertain and carry out the legislature's intent.[12] When the legislature takes a state statute substantially verbatim from a federal statute, "'it carries the same construction as the federal law and the same

---

[5] Knight v. Dep't of Labor & Indus., 181 Wn. App. 788, 795, 321 P.3d 1275 (quoting Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008)), review denied, 181 Wn.2d 1023 (2014).

[6] Id.

[7] Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

[8] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[9] Id.

[10] Id.

[11] Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

[12] Thorpe v. Inslee, 188 Wn.2d 282, 289, 393 P.3d 1231 (2017).

interpretation as federal case law.'"[13]  And when the legislature passes an

"amendment to a statute without alteration of a section previously interpreted by

the courts," such action may "evidence[] legislative acquiescence in the

interpretation."[14]

RCW 21.20.010 makes it:

unlawful for any person, in connection with the offer, sale or
purchase of any security, directly or indirectly:

. . . .

(2) To make any untrue statement of a material fact or to omit to
state a material fact necessary in order to make the statements
made, in the light of the circumstances under which they are made,
not misleading.

. . . .

The supreme court has determined that RCW 21.20.010 "is patterned

after and restates in substantial part the language of the federal Securities

Exchange Act of 1934."[15]  And this court has specified that RCW 21.20.010 is

"related" to Section 10(b) of that act, as well as SEC Rule 10b-5.[16]  The only

difference between the Washington statute and federal rule is the latter's more

limited application to interstate commerce.[17]

---

[13] Anfinson v. FedEx Ground Package System, Inc., 174 Wn.2d 851, 868, 281 P.3d 289 (2012) (quoting State v. Bobic, 140 Wn.2d 250, 264, 996 P.2d 610 (2000)).

[14] McKinney v. State, 134 Wn.2d 388, 403, 950 P.2d 461 (1998).

[15] Clausing v. DeHart, 83 Wn.2d 70, 72, 515 P.2d 982 (1973).

[16] Guarino v. Interactive Objects, Inc., 122 Wn. App. 95, 110, 86 P.3d 1175 (2004).

[17] 15 U.S.C. § 78j.

A plaintiff bringing an action under RCW 21.20.010 must show that she reasonably relied on the challenged statement in entering the transaction. Federal courts have long required reliance in Rule 10b-5 actions.[18] And Washington law holds that once a court makes a controlling interpretation of a statute, that interpretation controls what the statute has always meant.[19] As the Ninth Circuit Court of Appeals has explained, "'the Washington Legislature may be presumed to have known'" about the requirements of Rule 10b-5.[20]

The supreme court held in Hines v. Data Line Systems, Inc. that plaintiffs proceeding under RCW 21.20.010 must show that they "relied on the misrepresentations in connection with the sale of the securities."[21] Only "an investor who is wrongfully induced to purchase a security may recover his investment."[22] Several subsequent opinions have followed this rule.[23]

---

[18] See, e.g., Janus Capital Group, Inc. v. First Derivative Traders, 564 U.S. 135, 140 n.3, 131 S. Ct. 2296, 180 L. Ed. 2d 166 (2011); Basic Inc. v. Levinson, 485 U.S. 224, 242, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 206, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976)).

[19] In re Pers. Restraint of Johnson, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997).

[20] Wade v. Skipper's, Inc., 915 F.2d 1324, 1331 (9th Cir. 1990) (quoting WPPSS Securities Litigation, 1986 Blue Sky Law Rptr. ¶ 71,675 (W.D. Wash., MDL 1986)).

[21] 114 Wn.2d 127, 134, 787 P.2d 8 (1990).

[22] Id. at 135.

[23] See, e.g., Go2Net, Inc., 158 Wn.2d at 251; Guarino, 122 Wn. App. at 110; Stewart, 122 Wn. App. at 264.

The legislature has never acted to amend the statute in light of this construction by our courts. The Ninth Circuit Court of Appeals has observed that the "Washington State Legislature has demonstrated its willingness and ability to correct its own omissions" in the WSSA.[24] Since this court initially recognized a reliance requirement in 1970,[25] the legislature has amended the WSSA eight times.[26] It has at no point modified the requirement that reliance is required. For the reasons discussed, the legislative intent is clear. A plaintiff must show reasonable reliance to prevail under RCW 21.20.010.

FHLBS mounts several arguments against this statutory requirement. First, it argues that the language in Hines, quoted above, was mere dicta that this court need not follow. Not so.

As we recently held in Federal Home Loan Bank of Seattle v. Barclays Capital, Inc., Hines controls this case.[27] The legislature has not amended the reliance principle espoused in that case. And the supreme court has subsequently denied review in cases from this court that have held reasonable reliance an essential element of RCW 21.20.010 claims.[28] As we stated in

---

[24] Wade, 915 F.2d at 1332.

[25] Shermer v. Baker, 2 Wn. App. 845, 858, 472 P.2d 589 (1970).

[26] Laws of 1998, ch. 15, § 20; Laws of 1986, ch. 304, § 1; Laws of 1985, ch. 171, § 1; Laws of 1981, ch. 272, § 9; Laws of 1979, Ex. Sess., ch. 68, § 30; Laws of 1977, Ex. Sess., ch. 172, § 4; Laws of 1975, 1st Ex. Sess., ch. 84, § 24; and Laws of 1974, Ex. Sess., ch. 77, § 11.

[27] No. 75913-2-I, slip op. at 9-10 (Wash. Ct. App. Dec. 11, 2017).

[28] Stewart, 122 Wn. App. at 264.

Barclays Capital, Inc., characterizing the language in Hines as dicta does nothing to dissuade us from the conclusion that the legislature intended reasonable reliance to be an essential element of a claim under RCW 21.20.010.

FHLBS next argues that RCW 21.20.010 creates a strict liability cause of action because the supreme court has held certain elements of fraud unnecessary to prove. This argument is also unpersuasive.

As we explained in Barclays Capital, Inc., the supreme court has held that a RCW 21.20.010 plaintiff need not show loss causation or scienter.[29] We noted that the supreme court has reached these holdings based on careful analysis of the statutory text and history of these elements.[30] These cases do not stand for the proposition that a plaintiff need not show reasonable reliance.[31]

FHLBS next argues that the legislature intended WSSA actions to be strict liability actions because it borrowed language from Section 12(2) of the 1933 federal Securities Act. Not so.

Although Section 12(2) created a strict liability action, we recently held in Barclays Capital, Inc. that the legislature borrowed only the remedy section from that statute.[32] It borrowed the WSSA's liability provisions from Rule 10b-5. RCW 21.20.430 clearly states by cross reference that RCW 21.20.010 defines

---

[29] Barclays Capital, Inc., slip op. at 11.

[30] Id. at 13.

[31] Id.

[32] Id.

liability.[33] Thus, RCW 21.20.430 and Section 12(2) are irrelevant to whether RCW 21.20.010 requires a plaintiff to show reliance to establish liability.

FHLBS further contends that other states' statutes persuasively suggest that RCW 21.20.010 is strict liability. As Barclays Capital, Inc. makes clear, these other statutes tell us nothing about the controlling legislative intent: that of the legislature of Washington.[34]

In sum, the failure of FHLBS to prove it reasonably relied on the prospectus supplements is a failure of proof of an essential element of its claims. Accordingly, all other future disputes are immaterial for summary judgment purposes. Credit Suisse is entitled to judgment as a matter of law.

We affirm the summary dismissal of these claims.

_Cox, J._

WE CONCUR:

_Spearman, J._          _Schindler, J._

---

[33] RCW 21.20.430(1).

[34] Barclays Capital, Inc., slip op. at 14.