**IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>  v.<br><br>SETH ARNESON,<br><br>        Appellant. | No. 78814-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

LEACH, J. — Seth Arneson appeals his conviction for possession of a stolen vehicle. First, he challenges the trial court's admission of evidence of shaved keys that the police found on him. Next, he claims the sentencing court should have decided that some of his prior convictions were the same criminal conduct for offender score calculation purposes. Finally, he claims the sentencing court should not have added a point for escaping from community custody to his offender score for the possession of a stolen vehicle conviction.

The court's admission of the key evidence did not violate ER 404(b) because it was not "prior bad act" propensity evidence. Next, if the trial court should have found the same criminal conduct as claimed, any error was harmless. Finally, the trial court properly counted the escape from community custody violation when calculating Arneson's offender score for his possession of a stolen motor vehicle conviction. We affirm.

**FACTS**

Officer Mark Wilde pulled over a 1999 Mazda Protégé driven by Seth Arneson after learning the car was stolen. Officer Wilde ordered Arneson out of the vehicle and told Arneson to throw the key ring he had in his hand on the ground. The key ring had one Volkswagen key and two Ford keys. They were "jiggler" keys, which are worn or filed down keys people can use to "insert into either a lock cylinder or ignition cylinder, and then by shaking the key … defeat the tumblers and either unlock or start a car." None of the keys on the key ring started the Mazda. Officer Wilde found another key underneath the driver's seat while searching the vehicle. The key was also a "jiggler" key and Officer Wilde was able to start the vehicle with that key.

Before trial, Arneson contended that ER 404 precluded admission of evidence about the "jiggler" keys found on him, reasoning it is "propensity type evidence" and is unduly prejudicial. The court ruled the evidence admissible after concluding it was not propensity evidence.

Arneson pleaded guilty to violating community custody before trial. He stipulated to all of his prior convictions.

After voir dire, the State informed the court that a "jiggler" key, found under the driver's seat, would start the Mazda. The court admitted this evidence, reasoning it was relevant to show "that there was some key that could have been used to operate the car that was not only in the car but in an area where the defendant could either reach it or have put it."

The jury found Arneson guilty of possession of a stolen vehicle. At sentencing, the State calculated the standard range at 43-57 months based on the offender score of

12. Arneson requested a sentence of 43 months, which was the low-end of that range. The judge sentenced Arneson to 50 months on Count 1 and 40 days on Count 2, running concurrently, "given [his] score of 12." The court used the following prior convictions for the score calculation:

- Attempt Residential Burglary
- Residential Burglary
- First Degree Child Molestation
- Second Degree Child Molestation
- Possess Depictions of Minor Engaged in Sexually Explicit Misconduct
- VUCSA-Possession
- Second Degree Possession of Stolen Property
- Violation of Community Custody
- Possession of Stolen Vehicle
- Residential Burglary

The court also added one point because "[t]he defendant committed [the possession of a stolen vehicle] while on community custody." Arneson appeals.

## ANALYSIS

Arneson raises three issues. First, he contends the admission of the "jiggler" key evidence violated ER 404(b) because it was propensity evidence. Second, he claims the court miscalculated his offender score by not treating certain prior convictions as the same criminal conduct. Finally, he contends the trial court made a second error in calculating his offender score by adding a point for his escape conviction.

ER 404(b) Evidence

Arneson claims the trial court should not have admitted the evidence of the "jiggler" keys because it was "propensity evidence" that violated ER 404(b). He states the court did not identify the purpose of the evidence and its relevance to an essential element of the crime.

ER 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[1]

ER 404(b) pertains to prior bad acts like a prior criminal conviction.  Arneson had some "jiggler" keys on his person when an officer pulled him over in the stolen vehicle. The officer found another similar key under the floor mat of the seat where Arneson sat while driving the car.  This key would start the car.  A juror could reasonably infer that this key came from the set of keys carried by Arneson.  And, a juror could reasonably infer that Arneson used this key to start the stolen car.  So, the keys are evidence a juror could reasonably rely on to find that Arneson provided the key used to start the car and which he knew was stolen.  This means the keys are evidence of an element of the charged crime and not "prior bad act" evidence.[2]  The trial court did not err in admitting the evidence.

<u>Offender Score Calculation</u>

Arneson next claims the trial court should have analyzed his prior criminal convictions to determine whether any were the same criminal conduct for offender score calculation purposes.  He relies on his earlier 2013 judgment and sentence for unrelated multiple felony convictions.  While this judgment and sentence did not explicitly identify earlier convictions for four counts of possession of child pornography as the same

---

[1] ER 404(b).
[2] <u>State v. DeVincentis</u>, 150 Wn.2d 11, 17, 74 P.3d 119 (2003).

conduct,[3] he contends the offender score used in 2013 shows the 2013 sentencing court treated them as the same criminal conduct.[4] He claims the trial court in this case should have treated these four prior offenses the same as the 2013 court did and with a same criminal conduct inquiry.

RCW 9.94A.525(5)(a)(i) requires a trial court to determine whether prior convictions constitute the "same criminal conduct" when computing the defendant's offender score.[5] Even if we reject the State's claim that Arneson waived this issue by affirmatively acknowledging his offender score, the trial court's failure to conduct a same criminal conduct analysis or treat his prior crimes as the same criminal conduct was harmless.

Arneson asserts the trial court "count[ed] these four prior convictions as four points, rather than one towards Mr. Arneson's offender score." If the trial court had found the four previous convictions were the same criminal conduct producing one point, Arneson's offender score would have been 9 rather than 12. But, as the sentencing judge correctly noted, the sentencing range here does not change once Arneson's score reached 9.[6]

Arneson admitted that "the sentence imposed is actually within the correct standard range," but "the court could have imposed a lower sentence within the range."

---

[3] For purposes of future appeals, the trial courts should explicitly explain how they are counting sentencing scores.

[4] Based on the criminal history set out in the prior judgment and sentence, the sentencing court must have calculated the four current offenses as one, because Arneson's criminal history resulted in an offender score of eight and he was assigned one point for committing the current offense while on community custody, which added an additional point to his offender score for a total offender score of nine.

[5] RCW 9.94A.525(5)(a)(i).

[6] RCW 9.94A.510.

He relies on In re Goodwin, where the Supreme Court stated a sentence within the correct standard range results in a miscarriage of justice, "if the trial court had indicated its intent to sentence at the low end of the range, and the low end of the correct range is lower than the low end of the range determined by using the incorrect offender score."[7]

The judge here expressed no intent to sentence at the low end of the range. The judge commented on "Arneson's rather extensive criminal history, some of which is actually quite recent, especially when I take into account the times that he spent in custody and presumably would not be able to commit offenses that he was taking up again pretty soon after getting out of custody." And, while the judge commented on his score, she said, "I think one could actually argue that a higher end would be reasonable, given the score of 12, because the range doesn't change once you hit 9."

So, unlike the facts in Goodwin, here the trial judge expressed no intent to impose a low end sentence. So, any error in calculating Arneson's score based on the four prior convictions was harmless.

Violation of Community Custody

Arneson claims the trial court should not have counted his current offense, escape from community custody, as an "other current offense" when sentencing him for the possession of a motor vehicle conviction.

RCW 9.94A.525(14) states that when a present conviction is for escape from community custody, a court may only count prior escape convictions in the offender

---

[7] In re Goodwin, 146 Wn.2d 861, 868, 50 P.3d 618 (2002) (citing In re Johnson, 131 Wn.2d 558, 569, 933 P.2d 1019 (1997).

score.[8]  This provision says nothing about how to count an escape conviction when calculating an offender score for a different crime.

In calculating his score for possession of a stolen motor vehicle, the trial court included a point for his escape from community custody conviction.  The court did not do this when calculating his offender score for his current escape from community custody conviction.  RCW 9.94A.525(14) does not address, let alone prohibit, including a point for an escape conviction when calculating an offender score for a crime other than an escape from community custody conviction.[9]  So, the trial court did not err in including the point for escape from community custody for Arneson's conviction of possession of a stolen vehicle.

Arneson claims RCW 9.94A.525(14) only permits a court to score prior and not current escape from community custody convictions any time it is calculating offender scores for the purpose of sentencing.  But, the statute does not say this.  As noted, the statute's prohibition against the inclusion of a current escape from community custody to the offender score calculation, by its express language, only applies when the court is calculating a score for a current conviction for escape from community custody.  It does not apply to an offender score calculation for convictions of other crimes committed at the same time.  Arneson's claim fails.

## CONCLUSION

The court did not violate ER 404(b) when it admitted the "jiggler" key evidence, because it was not "prior bad act" propensity evidence.  Also, any error the trial court may have made in failing to conduct the prior criminal conduct analysis was harmless.

---

[8] RCW 9.94A.525(14).
[9] RCW 9.94A.525(14).

Finally, the trial court did not err in counting his escape from community custody violation when calculating his offender score for his possession of a stolen motor vehicle conviction. We affirm.

_____ Leach, J.

WE CONCUR:

_____

_____ Andrus, J.